## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL<br>1331 G Street NW, Suite 200<br>Washington, DC 20005<br><br><br>CAPITAL AREA IMMIGRANTS'<br>RIGHTS COALITION<br>1025 Connecticut Ave.<br>#701<br>Washington, DC 20036<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE FOR<br>IMMIGRATION REVIEW<br>5107 Leesburg Pike, Suite 2150<br>Falls Church, VA 22041<br><br><br>Defendant. | Civil Action No.<br>COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF |

## INTRODUCTION

1.	This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq., seeking records from the Executive Office for Immigration Review (EOIR) relating to immigration courts and Immigration Adjudication Centers' (IACs) process and criteria used to advance the date of individual merit hearings, selection of new hearing dates, notification to respondents and their counsel about merit hearing advancements, adjudication of continuances, and related rulemaking.

2. Immigration courts and IACs are housed under EOIR, a sub-agency of the Department of Justice (DOJ). For the past two years, attorneys representing immigrants in removal proceedings have reported that EOIR commonly advances individual hearings, moving hearings to new dates in the near future. When EOIR advances these hearings, it provides little to no notice of the schedule changes to respondents or their lawyers and does not take into consideration lawyers' schedules or workload. In some cases, courts have moved hearings to times when attorneys already had hearings scheduled. In other cases, courts have scheduled attorneys to appear at hearings on the same date but at immigration courts in different states. Immigration attorneys also report that courts have scheduled multiple individual hearings in one week, including, in one case, scheduling up to twenty individual merit hearings in one month. This massive reshuffling of cases causes a steep increase in attorneys' trial caseload and limits the time available to prepare for trial, which can impact respondents' due process rights and affect the mental health of attorneys and anxious respondents.

3. Plaintiffs are non-governmental organizations that provide legal representation and advocate on behalf of noncitizens facing deportation in immigration courts and IACs nationwide. They seek the aforementioned records to inform the public, including noncitizens in removal proceedings and immigration attorneys, about EOIR scheduling practices.

4. Plaintiffs filed a FOIA request on October 28, 2022. Defendant has yet to provide a response to Plaintiffs' request and continues to unlawfully withhold records. Accordingly, Plaintiffs invoke this Court's jurisdiction to order EOIR to promptly produce records responsive to Plaintiffs' request for information.

**JURISDICTION AND VENUE**

5.    This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6.    This Court has jurisdiction to grant declaratory and further proper relief pursuant to 28 U.S.C. §§ 2201-2202 and the Federal Rules of Civil Procedure 57 and 65.

7.    Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiffs have their principal places of business in the District of Columbia.

**PARTIES**

8.    Plaintiff American Immigration Council ("the Council") is a tax-exempt, not-for-profit educational and charitable organization that works to increase public understanding of immigration law and policy, advocate for the fair and just administration of U.S. immigration laws, protect the legal rights of noncitizens, and educate the public about the enduring contributions of immigrants. The Council also seeks to hold the government accountable for unlawful conduct, restrictive interpretations of the law and for failing to ensure that the immigration laws are implemented and executed in a manner that comports with due process through the pursuit of transparency and impact litigation.

9.    Plaintiff Capital Area Immigrants' Rights Coalition (CAIR Coalition) is a nonprofit organization serving the Capital region and beyond. It appears on the List of Pro Bono Legal Service Providers maintained by the Executive Office for Immigration Review (EOIR) as required by 8 C.F.R. § 1003.61. Its mission is to ensure equal justice for all immigrant adults and children at risk of detention and deportation by providing direct legal representation, know-your-rights presentations, impact litigation, advocacy, and the enlistment and training of attorneys to defend immigrants.

10. Defendant EOIR is a subcomponent of DOJ and an agency within the meaning of 5 U.S.C. § 552(f)(1) responsible for directing and managing the immigration court system. It encompasses all immigration courts in the country and the Board of Immigration Appeals (BIA).

11. Upon information and belief, Defendant has custody and control over the records requested by Plaintiffs.

**STATEMENT OF FACTS**

*Mechanics of Removal Proceedings*

12. EOIR, a sub-agency of the Department of Justice, is responsible for adjudicating immigration cases. Removal proceedings include individual hearings, which are akin to a trial, where an immigration judge examines evidence and testimony presented by the parties to determine whether a noncitizen is eligible for immigration status or should remain in the United States.

13. Removal proceedings are adversarial in nature and are governed by substantive and procedural rules. During these proceedings, noncitizens are given the chance to assert removal defenses and/or seek immigration relief. In such proceedings, noncitizens may be represented by practitioners such as attorneys who are authorized and required to appear on behalf of respondents, to file all documents on their behalf, and to accept service of process of all documents filed in the proceedings. 8 C.F.R. § 1240.3.

14. The value of having representation in removal proceedings has been empirically documented. According to one study, represented respondents were over five times more successful in obtaining relief from removal than similarly situated unrepresented respondents. Ingrid V. Eagly & Steven Shafer, *A National Study of Access to Counsel in Immigration Court*, 164 U. PA. L. REV. 1, 2, 57 (2015).

15. Despite the importance of legal representation, an attorney's failure to appear in immigration court without satisfactory notice and explanation may, in the discretion of the immigration judge, result in the hearing being held in the attorney's absence. 8 CFR § 1003.26.

16. Attorneys may ask for a continuance or a postponement of hearings subject to the immigration judge's discretionary determination that good cause has been shown. 8 C.F.R. § 1003.29.

17. Typically, immigration judges issue a scheduling order for an individual hearing—a trial—at a status conference hearing known as a "master calendar hearing." Oftentimes, this occurs after respondent answers the pleadings contained in the Notice to Appear. If a respondent is not detained, the trial date often is set years after the master calendar hearing.

18. Under federal regulations, "the Immigration Court shall be responsible for scheduling cases and providing notice to the government and the [noncitizen] of the time, place, and date of hearings." 8 C.F.R. § 1003.18(a). In case of any change or postponement in the time and place of scheduled hearings, the Immigration Court is required to provide a written notice to the noncitizen specifying the new time and place of the proceeding and the consequences of failing to appear. 8 C.F.R. § 1003.18(b).

*Background of Plaintiffs' FOIA Request*

19. CAIR Coalition and the American Immigration Lawyers Association (AILA) DC Chapter EOIR Liaison Committee conducted two National Listening Sessions on September 16 and 23, 2022, to discuss the issue of docket reshuffling and lack of advance notice for rescheduled hearings. Nearly 200 immigration practitioners attended these meetings. Attendees reported receiving notices of individual hearings less than 15 days (about 2 weeks) before trial

and that the courts double or triple booked trials on the same day, sometimes in different states. Additionally, other practitioners have been scheduled for multiple individual hearings in one week or up to twenty individual merit hearings in one month.

20. The aforementioned issues reported by attendees were communicated to EOIR Director David Neal, Principal Deputy Immigration Judge Daniel Weiss, and Regional Deputy Chief Immigration Judge Sheila McNulty in a letter dated October 25, 2022.[1]

21. Preparation for an immigration case takes time. Practitioners need to build a rapport with their clients, elicit the grounds for the claim, gather evidence, and research potential legal arguments in support of the claim. In asylum cases, for example, many asylum seekers suffer from Post-Traumatic Stress Disorder, which can make this process more difficult as practitioners work to avoid re-traumatizing their clients. According to AILA, completing an asylum claim can take a matter of weeks or months even for the most experienced practitioners. A recent survey conducted by AILA indicates that attorneys need between 50 and 75 hours to prepare clients for an asylum hearing, and such times vary depending on different factors such as the need to present witnesses, respondents' language needs, or clients' trauma.[2] The survey noted that when immigration courts reschedule individual hearings without consulting respondents' attorneys, the change adds twelve hours of preparation time.

22. A respondent's testimony is critical to the outcome of their cases. Practitioners often set up two trial preparation sessions with their clients prior to an individual hearing. Robert H. Etnyre, Jr., *Preparing and Presenting an Asylum Case in Immigration Court*, 12-08

---

[1] *See* Letter from National Consortium of Immigration Practitioners to David Neal, Director, Executive Office for Immigration Review, et. al, on No Notice & Docket Reshuffling, (Oct. 26, 2022) https://www.lexisnexis.com/community/insights/legal/immigration/b/outsidenews/posts/lawyers-organizations-ask-eoir-to-address-no-notice-docket-reshuffling-crisis.
[2] Amy Grenier, American Immigration Lawyers Association, HIGH-STAKES ASYLUM: HOW LONG AN ASYLUM CASE TAKES AND HOW WE CAN DO BETTER 8 (June 14, 2023) https://www.aila.org/highstakesasylum.

IMMIGRATION BRIEFINGS 1 (Aug. 2012). It is recommended that the first preparation session occur four days prior to the hearing and the second session occur two days before the hearing. *Id.*

23.     Given the substantial amount of time, it takes immigration attorneys to prepare with their clients for individual merit hearings, EOIR's practice of scheduling multiple hearings in one week can have deleterious effects on respondents' due process rights, as it can severely curtail attorneys' ability to prepare for hearings.

24.     A motion for a continuance of an immigration hearing to resolve an attorney's crowded hearing schedule is not likely to succeed. In a proposed rule, EOIR stated that a motion to continue based on an attorney's workload or scheduling conflicts fails to meet the regulatory standard justifying a continuance.[3]

25.     Further, filing motions for continuances as a purported solution to the overload of cases is meaningless if attorneys of record are not provided with sufficient notice that EOIR has advanced a hearing. The lack of notice about advanced hearing dates often does not allow an attorney to follow EOIR's Practice Manual, which requires a motion for a continuance to be filed 15 days in advance of an individual hearing.

26.     Given the lack of transparency surrounding the scheduling practices of immigration courts, including IACs, Plaintiffs filed the FOIA request underlying this action.

*Plaintiffs' FOIA Request to EOIR*

27.     On October 28, 2022, Plaintiffs filed a FOIA request with EOIR seeking the following information: a) From 2017 to present, records on how EOIR advances hearings; how immigration judges decide whether to grant requests for continuances; how EOIR notifies attorneys and respondents when their cases have been advanced; how court personnel select new

---

[3] *See* Good Cause for a Continuance in Immigration Proceedings, 85 Fed. Reg. 75925 (proposed Nov. 27, 2020) (to be codified at 8 C.F.R. § 1003.29 & 8 C.F.R. § 1240.6) https://www.justice.gov/eoir/page/file/1340246/download.

hearing dates; and what efforts have been undertaken by the agency to implement a Notice of Rulemaking on this topic; and b) data on the total number of cases advanced since 2020. *See* Exhibit A.

28. Defendant acknowledged receipt of the Plaintiffs' FOIA Request via email on the same day. *See* Exhibit B. In the email, EOIR invoked a 10-day extension under 5 U.S.C. § 522(a)(6)(B) and assigned the request control number 2023-03932.

*29.* On December 9, 2022, Plaintiffs received an email notification from EOIR's Public Access Link (PAL) system stating that Defendant changed the status of Plaintiffs' FOIA request to "In Process."

30. A check of the PAL system to ascertain the status of Plaintiffs' FOIA request as of July 6, 2023, shows the request continues to be "In Process."

31. As of this date, Plaintiffs have not received records responsive to the FOIA request or any further response from the agency.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Violation of the Freedom of Information Act, 5 U.S.C. § 552
for Failure to Respond Within the Time Required**

32. Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

33. Under the FOIA, Defendant was required to respond to Plaintiffs' October 28, 2022 FOIA request and to notify Plaintiffs of its determination whether to comply with the request within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

34. Defendant's failure to make the requisite determination and to communicate it to the Plaintiffs violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

## SECOND CAUSE OF ACTION

**Violation of the Freedom of Information Act, 5 U.S.C. § 552
for Failure to Conduct a Reasonable Search**

35. Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

36. Defendant has violated its obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiffs' request. 5 U.S.C. § 552(a)(3)(C).

## THIRD CAUSE OF ACTION

**Violation of the Freedom of Information Act, 5 U.S.C § 552
for Failure to Disclose Responsive Records**

37. Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

38. Defendant has failed to produce any records responsive to Plaintiffs' FOIA request.

39. Defendant is obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to the Plaintiffs' FOIA request.

40. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

41. Defendant's failure to disclose all responsive records violates the agency's statutory obligations to make requested records "promptly available" to the requester. 5 U.S.C. § 552(a)(6)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant, and that the Court:

      a.      Declare that Defendant EOIR violated the Freedom of Information Act, 5 U.S.C. § 552(a)(6)(A)(i), by failing to timely produce the required determination to Plaintiffs' FOIA request.

      b.      Declare that Defendant EOIR violated the Freedom of Information Act, 5 U.S.C. § 552(a)(3)(A), by failing to timely produce records responsive to Plaintiffs' Request.

      c.      Order that Defendant EOIR conduct an adequate search for records responsive to Plaintiffs' FOIA request in accordance with 5 U.S.C. § 552(a)(3)(C).

      d.      Order that Defendant EOIR make a determination and promptly produce records responsive to Plaintiffs' FOIA request as required by 5 U.S.C. § 552(a)(3)(A)(i), (a)(6)(A)(i).

      e.      Award Plaintiffs reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E)(i) and any other applicable statute or regulation.

      f.      Grant such other relief as the Court may deem just, equitable, and appropriate.

Dated: July 6, 2023                      Respectfully submitted,

                                        By: /s/ Emily J. Creighton
                                        Emily J. Creighton (D.C. Bar No. 1009922)
                                        AMERICAN IMMIGRATION COUNCIL
                                        1331 G St. NW, Suite 200
                                        Washington, D.C. 20005
                                        (202) 507-7514
                                        Ecreighton@immcouncil.org

                                        Raul A. Pinto*
                                        (NC Bar No. 42310; D.C. Bar No. Pending)
                                        AMERICAN IMMIGRATION COUNCIL
                                        1331 G St. NW, Suite 200
                                        Washington, D.C. 20005
                                        (202) 507-7549
                                        Rpinto@immcouncil.org

                                        *Application for admission pro hac vice forthcoming*