UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW*,*<br><br>*Defendant*. | Civil Action No. 23-cv-1952 (RC) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. Plaintiff American Immigration Council and Capital Area Immigrants' Rights Coalition ("Plaintiffs") submitted a Freedom of Information Act ("FOIA") request to Defendant, the Executive Office for Immigration Review ("EOIR"), dated October 28, 2022.  ECF No. 1-1.

2. The FOIA request sought the following information:

> 1. For the period between January 1, 2017, to the present, we request EOIR records of guidelines, procedures, protocols, or policies relating to the following:
>
>> a. Immigration courts' process and criteria used to advance the date of individual merit hearings. This includes, but is not limited to, immigration court clerks' advancement of individual merit hearing dates.
>>
>> b. Immigration judges' adjudication of motions to continue individual merit hearings when the basis for continuances relate to the following:
>>
>>> i. Attorney has a case-related scheduling conflict; or
>>>
>>> ii. Attorneys' workload or case-related conflicts that may prevent case preparation, such as having multiple hearings scheduled with EOIR within a short period of time or case appointments with other agencies, e.g. client interviews with U.S. Citizenship and Immigration Services (USCIS).

>   c. Immigration courts' process for notifying respondents, respondents' representatives, or both, that individual merit hearings have been advanced.
>
>   d. Court personnel's process for selecting a new hearing date when an individual merit hearing is advanced, including materials that describe how to input rescheduling information in attorneys' EOIR ECAS calendar.
>
>   e. The agency's implementation of the November 27, 2020, Notice of Proposed Rulemaking titled "Good Cause for a Continuance in Immigration Proceedings."
>
> 2. Aggregate data since January 1, 2020, that includes the following:
>
>   a. The number of cases in the EOIR system that have been marked with idnAdjCode 87, strCode 55, strDescription "HEARING DELIBERATELY ADVANCED BY COURT."
>
>   b. The number of cases in the EOIR system that have been marked with idnAdjCode 107, strCode 9B, strDescription "DOCKET MANAGEMENT (ADVANCE HEARING)."

*Id*.

3. After conducting a search for responsive records, EOIR issued a final response letter to the Plaintiffs on August 9, 2023, which included the data requested in item 2 of the request and, as to item 1a to 1d of the request, identified numerous publicly available documents pertaining to policies applicable to immigration courts that were accessible from the internet, as well as an email chain encompassing two emails with limited redactions under Exemption 6 of FOIA. Santiago Decl. ¶¶ 19-24 and Ex. B thereto.

4. No records responsive to item 1e of the request were identified. Santiago Decl. ¶ 22.

5. The information redacted under Exemption 6 from the two emails consisted of employee email addresses and a group email address to all Assistant Chief Immigration Judges, the release of which EOIR determined would be of no public benefit but would allow for potential

harassment of these individuals to the detriment of their privacy interests. Santiago Decl. ¶ 30.

6. As stated in a status report dated September 29, 2023, and without waiving its position that its original search was adequate, EOIR determined that it would conduct a supplemental search with respect to item 1 of the request. ECF No. 15; Santiago Decl. ¶ 25.

7. That search involved a key word search derived from the language of the FOIA request of the email of Chief Immigration Judge Sheila McNulty and resulted in the identification of the two emails identified in the original search and no additional responsive documents. Santiago Decl. ¶¶ 26-27.

8. Judge McNulty was an Assistant Chief Immigration Judge from November 2015 to March 2021 and Regional Deputy Chief Immigration Judge from March 2021 to April 2023 before becoming Chief Immigration Judge. Santiago Decl. ¶ 19.

9. Any guidelines, procedures, protocols, or policies, as well as instructions on how to implement guidelines, procedures, protocols, or policies across the immigration courts, are channeled through EOIR's leadership in the Office of the Chief Immigration Judge and, to the extent any existed that were not published and publicly available, would be disseminated by EOIR leadership through group emails to Assistant Chief Immigration Judges and Court Administrators. Santiago Decl. ¶ 16.

10. A second supplemental search, similar to the first supplemental search, also was conducted of the email of two Chief Immigration Judges that preceded Judge McNulty. Santiago Decl. ¶ 28.

11. That second supplemental search also identified the same two emails that were identified from the original search and no additional responsive documents. Santiago Decl. ¶ 29.

12. EOIR released all reasonably segregable, non-exempt information responsive to Plaintiffs' FOIA request. Santiago Decl. ¶ 30.

        Respectfully submitted,

        MATTHEW M. GRAVES, D.C. BAR #481052
        United States Attorney

        BRIAN P. HUDAK
        Chief, Civil Division

        By:    */s/ Jeremy S. Simon*
        JEREMY S. SIMON, D.C. BAR #447956
        Assistant United States Attorney
        601 D. Street, N.W.,
        Washington, D.C. 20530
        (202) 252-2528
        Jeremy.Simon@usdoj.gov

        *Counsel for United States of America*