# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL & CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, <br><br> Defendant. | Civil Action No. 1:23-CV-1952 |

## <u>DECLARATION OF CLARISSA GRIMES</u>

I, Clarissa Grimes, do hereby declare based on my personal knowledge:

1. I am an attorney licensed to practice before the State of Michigan. My business address is 15 South Washington Street, Suite 201, Ypsilanti, MI 48197.

2. I am a staff attorney of the Michigan Immigrant Rights Center, which is devoted exclusively to immigration law. I have been licensed to practice law since 2018.

3. I regularly represent individuals in removal proceedings before the Executive Office for Immigration Review (EOIR).

4. Preparing briefing and evidence for an individual hearing in one of my cases takes approximately six months or longer, depending on the type of case and its complexity. This preparation includes identifying and enlisting experts, obtaining declarations from witnesses, securing police reports and/or criminal records, multiple interviews with my client, legal research, and updating briefs and oral arguments.

5.  In April 2024, EOIR *sua sponte* moved up the date of an individual hearing in one of my asylum cases at Detroit Immigration Court from August 30, 2024 to July 1, 2024, and specified a briefing and evidence submission deadline of June 1, 2024, which is 30 days before the date of the hearing instead of the 15 days listed in the EOIR Practice Manual 3.1(b)(2)(B).

6.  The court notified me, as attorney of record, via ECAS of the change; I learned about the change when I received an email notification prompting me to check my calendar on the EOIR portal.

7.  The advancement left me with only 39 days to gather, prepare, and submit briefing and evidence for the hearing by moving up the deadline for this submission to June 1, 2024, instead of the 121 days I had been planning on having to prepare.

8.  Because of this advancement, I was not able to prepare for this case as much as I normally would, resulting in sub-standard representation for this client's case. This client's case was very fact-specific, and obtaining documents from her family members in her home country is dangerous and takes time. I was forced to submit a filing with less evidence than I would have had otherwise, and I was forced to file motions for late filing for some essential documents that we did not receive until after the briefing and evidence submission deadline.

9.  Additionally, because of this advancement, I was forced to put aside other client work in order to meet the new deadline. In order to make sure that none of my other clients were missing their deadlines, I had to work on a number of evenings and weekends, with minimal overtime pay. I work at a 501(c)(3) non-profit organization that offers pro bono representation to all of its clients, and I am

2

compensated $69,582 per year.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

Executed this 10th day of May, 2024 at Detroit, MI.

/s/ Clarissa L. Grimes
05/10/2024