**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL & CAPITAL AREA IMMIGRANTS' RIGHTS COALITION<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>Defendant. | Civil Action No. 1:23-CV-1952 |

## DECLARATION OF KELLY WHITE IN PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Kelly White, do hereby declare based on my personal knowledge:

1. I am an attorney licensed to practice in North Carolina and an Associate Director at a non-profit organization.

2. Before joining my current employer, I was the Senior Program Director for Detained Adults at Plaintiff Capital Area Immigrants' Rights Coalition ("CAIR Coalition"), working at this organization from approximately 2014 to 2023. In this role I oversaw provision of services for *pro se* individuals in immigration detention centers, launching of universal representation programs throughout the DC, Virginia, and Maryland region, training, and stakeholder relationships. I also served as a member of the D.C. Chapter of the American Immigration Lawyers Association ("AILA").

3. I surveyed practitioners about these advancement and calendaring issues in 2021-2022.

4. I also attended two listening sessions on these issues convened by AILA's D.C. Chapter and CAIR Coalition's Legal Advisory Committee in September 2022.

5. On October 25, 2022, I sent Defendant a letter about these advancements and notice issues based on data and feedback I culled from the surveys and listening sessions. A true and correct copy is attached as Exhibit A.

6. I did not receive a response to my letter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 10 day of June 2024 at Washington, DC.

# Exhibit A

October 25, 2022

Director David Neal
Executive Office for Immigration Review
5107 Leesburg Pike
Falls Church, VA 22041

Principal Deputy Immigration Judge Daniel Weiss
5107 Leesburg Pike, Suite 2400
Falls Church, VA 22041

Regional Deputy Chief Immigration Judge Sheila McNulty
5107 Leesburg Pike, Suite 2400
Falls Church, VA 22041

**RE:  Letter from National Consortium of Immigration Practitioners- No Notice
& Docket Reshuffling**

Dear Director David Neal, PDIJ Daniel Weiss, and RDCIJ Sheila McNulty,

We write this letter as a consortium of over 200 immigration practitioners from across the
nation.  We are private practitioners, professors, and non-profit advocates who together
represent non-citizens in every state of the nation, the District of Columbia and Puerto
Rico.  This consortium includes both American Immigration Lawyers Association (AILA)
members and non-AILA members and has convened for the sole focus of the issues
outlined in this letter.  Signatories include individuals and organizations who are allies of
this consortium.

For over a year and more recently, practitioners have experienced a lack of any notice and
sufficient notice from the Executive Office of Immigration Review (EOIR) for individual
calendar hearings.  The statute requires written notice.  *See* INA § 240(c)(5)(A).  This lack
of notice has created hardship that falls heavily on respondents and their counsel, who
overwhelmingly carry the burden of proof in proceedings, and requires gathering and
filing detailed evidence prior to Individual hearings. Including but not limited to:

- Identifying and enlisting Experts,
- Submitting Prosecutorial Discretion Requests,
- Obtaining declarations from multiple witnesses,
- Securing police reports from home country,
- Updating briefs and additional legal arguments.

Counsel must prepare filings with adequate time in order to zealously and competently
advocate for their clients.  No notice and short notices send respondents and counsel into

a spiral of continuances. This process is inefficient and deeply problematic, not to mention taking a toll on the mental health of practitioners and respondents.

Compounding this issue are the memos on continuances for practitioners caught up in this cycle.  There are several memos from EOIR on continuances for individual hearings, including:

1.  PM 20-07, Case Management and Docketing Practices at 5 (Jan. 31, 2020).
    a.  EOIR has no policy mandating or requiring Immigration Judges to grant a continuance for any reason in any particular case or circumstance, except where a continuance is required by binding law.
2.  PM 21-13, Continuances, (January 8, 2021) also considers:
    a.  Requests for attorney preparation time should be reviewed carefully, especially given that the time between a master calendar hearing and an individual merits hearing, which often exceeds one year in a non-detained case, already encompasses substantial time for preparation.
    b.  Individuals "are typically scheduled far in advance" and that such requests to continue should be considered "very carefully", alluding to disfavor of continuances in these cases.
    c.  Frequent or multiple requests for additional preparation time based on a practitioner's workload concerns related to large numbers of other pending cases should be rare and warrant careful review. "A practitioner's workload must be controlled and managed so that each matter can be handled competently." 8 C.F.R. § 1003.102(q)(1).

These memos tend to discourage continuances, and assume a certain factual universe, or a consistent scheduling practice, at the very least. The bias against continuances assumes that the practitioner already had ample time to prepare just before the hearing, which is not the current state of affairs.

Nonetheless, there *is* a way attorneys can control their workload and efficiently represent clients, that is— when they are part of the scheduling process, which EOIR's memos assume they are when in practicality they are not.  And in this fashion, by being a part of the scheduling process, both EOIR and practitioners can efficiently adjudicate claims.

While we know EOIR is aware of these issues, they have continued to persist and, in some jurisdictions even worsen.  As a result, we are providing examples from immigration attorneys, including feedback during the September 2022 National Listening Sessions conducted by the AILA DC Chapter EOIR Liaison Committee and the CAIR Coalition's Legal Advisory Committee:

- **No Notice**- Attorneys have not received any written paper notice of upcoming individual hearings, only to discover them in the eCas portal.
- **Short Notice**- Attorneys have received notices of Individual hearings less than 15

2

days before trial.
- **Double Bookings**- Attorneys have been double or tripled booked for the same day, including in courts in different states, making representation impossible.*See Visuals, V1
- **Packed Dockets**- Attorneys have reported as many as 12 trials scheduled in one week, 20+ in one month.  This has been wrecking the mental health of impacted people and advocates as they struggle to prepare cases or file motions to continue.  *See Visuals, V2
- **Reshuffling**- Upon discovery of the existence of any of the challenges above, attorneys are also observing that EOIR may reschedule hearings, but only after the attorney has begun to prepare for hearings in order to meet burden.  This particular phenomenon also results in added work for the attorney and a financial burden either for the attorney or for the respondent.  Furthermore, with the constant changes, evidence becomes stale, qualifying relatives age-out, and witnesses become unavailable.
- ***Pro se* respondents** have observed the same, but without access to eCas.

*Visuals of an actual attorney's eCas Calendar demonstrating short notice, no notice, overbooked docket.  V1.



3

V2. redacted schedule for counsel who has been scheduled for 17 trials for the month of October, which only has 21 business days:



Our Priority Requests:

First, this consortium of practitioners has one resounding principle that ***all*** can agree on:

> ✳Due process cannot exist if an attorney does not have
> sufficient time and advance notice to prepare for a case.✳

This consortium attempted to create a benchmark for EOIR, by indicating a number of scheduled hearings that would fail to ensure due process.  However, that proved infeasible.  Even if EOIR were to program a detection in eCas or cap the number of individuals per week per attorney, there would still be continuances[1] without notice and

---

[1]  As a practical matter, continuances are not a solution. Many respondents want their cases adjudicated, and so they will often not agree to a continuance, and this makes it impossible for the lawyer to represent the client. In addition, continuances are often not adjudicated quickly, meaning that the lawyer is forced to prepare the case given that it may go forward despite the request for a continuance.  Each individual advocate's case management varies, for example, not all practitioners have exclusively removal defense practices- a significant number have to schedule around asylum and adjustment interviews.   For many practitioners who have a mixed case-load, having three individuals will still have ricocheting effects for USCIS if, for example, the

consultation in scheduling.

This is why our second ask to resolve scheduling conflicts is equally important. As a group, we ranked preferences for how EOIR should resolve these concerns in the event of rescheduling, to avoid double booking and short notice:

1. Require the clerks to call or email attorneys to reschedule (and notify of cancellations).  This will save time and efficiency of filing motions to continue for attorneys with over packed dockets and double bookings.
2. Develop a mechanism in eCas that prevents scheduling when the system detects: (a) short notice, (b) double bookings, (c) scheduling an attorney the same day in separate courts.  An automated system should be able to screen for these inefficiencies.
3. The clerk should schedule the hearing as a master calendar rather than an Individual if there is short notice.
4. Alternatively have a standing status docket in the court for rescheduling.
5. EOIR sends a notice to change the hearing date with DHS and Respondent (and Respondent's counsel).

We would appreciate a follow-up response from EOIR on this matter on proposed solutions and the workability of each preference.  Please feel free to reach out if you have any questions, kelly@caircoalition.org, or (202) 769-5293.


 Respectfully,

**Organizations & Firms**
African Human Rights Coalition
AILA NJ
American Friends Service Committee
Americans for Immigrant Justice
Asylum Seeker Advocacy Project (ASAP)
Benach Collopy LLP
Black Alliance for Just Immigration (BAJI)
Blessinger Legal PLLC
Brooklyn Defender Services
Capital Area Immigrants' Rights Coalition
Catholic Charities of the Archdiocese of Washington
Catholic Migration Services

---

practitioner has to cancel 6 citizenship interviews in one day because EOIR schedules them for an Individual hearing.  Furthermore, some attorneys can adjudicate more than 3, more than 6 individuals in one week if they are, for example, SIJS or Adjustment of Status type cases.

Center for Gender & Refugee Studies
Florence Immigrant & Refugee Rights Project
Grace Immigration PLLC
Immigration Equality
Just Neighbors
Kids in Need of Defense (KIND)
L&L Immigration Law, PLLC
Mariposa Legal, program of COMMON Foundation
NC Justice Center
Pennsylvania Immigration Resource Center (PIRC)
Rocky Mountain Immigrant Advocacy Network

**Retired Judges**
Hon. Alberto E. González, Imm. Judge, Retired
Hon. Dana Leigh Marks (ret.)
Hon. Paul Wickham Schmidt (ret.)

**Attorneys**
Alex Isbell
Alexandra Bershad, Esq.
Alina Kilpatrick
Allan Mascarenhas
Amelia S. McGowan
Amelia Wester
Andani Alcantara Diaz
Andréia Hart
Andres Y Mejer
Andrew J. Vazquez, Esq.
Ann Slusher
Audra Santucci
Beckie Moriello
Brian Ramsey
Bridget Crawford
Carlos E. Estrada
Carol Carvajal
Carol King
Carolina Theresa Curbelo
Claudia Brett Goldin
Constance R Wannamaker
Corey Schade
Crismelly Morales, Esq.
Cristina Hughe
Daniel M. Kowalski
Denise Abrams

Dru Claudia Wicker
Duffy B. Trager
Elise Anglin
Elizabeth A Lopez
Ellennita M. Hellmer, Esq.
Emily Brown
Emily Maria Harbaugh
Emily Simcock
Eric M Mark
Eric Simonsen
Erick Resek
Erin K. Ramos
Eva C. Cockerham
Fernando Candil
Genevieve Augustin
Griselle Garcia
Helen Parsonage
Himedes Chicas V.
Hugo Alfaro
Ilyce Shugall
Irina Vinogradsky
Isaac K. Adams
Isadora Velazquez, Esq.
Jaesa McLin
Jaime Langton
James Gilchrist
James Reyes
Jason Dzubow
Jenine Saleh
Jennaweh Hondrogiannis
Jennifer Cortes
Jennifer Grace Smyrnos, Esq.
Jennifer M. Howard
Jessica L Yanez
Jessica Slind
Jill Marmol
Joan Duffy Mody, Esq.
John W. Richardson
Joseph M Perez
Joyce Antila Phipps
Julie Soininen
Karen Musalo
Karen S. Monrreal
Karla Mulholland

Katharine Campen
Kathy Khommarath, Esq.
Kelly White
Laura Kirk
Leena Bhasin
Lisa Herrera
Lloyd Bennett, Esq.
Lory D Rosenberg
Luis A. Paoli
Luke Niermann
Lynn Neugebauer
Maria Andrade
Maria Baldini-Potermin
Maria E. Rivera
Maya Lugasy
Michael V. Kern
Michele Alcalde
Michelle Saenz-Rodriguez
Monica Manazan
Ms. Magali Suarez Candler
Nancy Guillen
Natalia Salazar
Parastoo G. Zahedi
Pooja Asnani
Professor Paul Gruo
Rachael Gray
Rachel A. Mendoza-Newton
Raluca Oncioiu
Raquiba Huq
Raymond Lahoud, Esquire
Rebecca Seboria
Robert Swain
Rossana Rolon-Grau
Sarah Pitney
Shaleen Morales
Shara Svendsen
Simon Sandoval-Moshenberg
Stephen OConnor
Susan G. Roy, Esq.
Tamara L. Jezic
Victoria Neilson
Virginia Barrera
Wes Brockway
William McNamara

8