**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| AMERICAN IMMIGRATION COUNCIL & CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, |
|      Plaintiffs, |
|      v. |
| EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, |
|      Defendant. |

Civil Action No. 1:23-cv-1952-RC

## PLAINTIFFS' RESPONSES TO DEFENDANT'S STATEMENT OF FACTS NOT IN DISPUTE AND STATEMENT OF UNDISPUTED MATERIAL FACTS

**Plaintiffs' Responses to Defendant's Statement of Facts Not in Dispute**

Pursuant to Federal Rule of Civil Procedure 56(c)(1) and Local Civil Rule 7(h)(1),

Plaintiffs respond to Defendant's Statement of Material Facts Not in Dispute, ECF 25-2, as

follows:

1. Plaintiff American Immigration Council and Capital Area Immigrants' Rights Coalition

   ("Plaintiffs") submitted a Freedom of Information Act ("FOIA") request to Defendant,

   the Executive Office for Immigration Review ("EOIR"), dated October 28, 2022. ECF

   No. 1-1.

**Plaintiff's Response**: Undisputed.

2. The FOIA request sought the following information:

   1. For the period between January 1, 2017, to the present, we request EOIR records
      of guidelines, procedures, protocols, or policies relating to the following:

      a. Immigration courts' process and criteria used to advance the date of individual
         merit hearings. This includes, but is not limited to, immigration court clerks'
         advancement of individual merit hearing dates.

1

    b. Immigration judges' adjudication of motions to continue individual merit hearings when the basis for continuances relate to the following:

        i. Attorney has a case-related scheduling conflict; or

        ii. Attorneys' workload or case-related conflicts that may prevent case preparation, such as having multiple hearings scheduled with EOIR within a short period of time or case appointments with other agencies, e.g. client interviews with U.S. Citizenship and Immigration Services (USCIS).

    c. Immigration courts' process for notifying respondents, respondents' representatives, or both, that individual merit hearings have been advanced.

    d. Court personnel's process for selecting a new hearing date when an individual merit hearing is advanced, including materials that describe how to input rescheduling information in attorneys' EOIR ECAS calendar.

    e. The agency's implementation of the November 27, 2020, Notice of Proposed Rulemaking titled "Good Cause for a Continuance in Immigration Proceedings."

2. Aggregate data since January 1, 2020, that includes the following:

    a. The number of cases in the EOIR system that have been marked with idnAdjCode 87, strCode 55, strDescription "HEARING DELIBERATELY ADVANCED BY COURT."

    b. The number of cases in the EOIR system that have been marked with idnAdjCode 107, strCode 9B, strDescription "DOCKET MANAGEMENT (ADVANCE HEARING)."

*Id.*

**Plaintiff's Response**: Undisputed.

3. After conducting a search for responsive records, EOIR issued a final response letter to the Plaintiffs on August 9, 2023, which included the data requested in item 2 of the request and, as to item 1a to 1d of the request, identified numerous publicly available documents pertaining to policies applicable to immigration courts that were accessible from the internet, as well as an email chain encompassing two emails with limited redactions under Exemption 6 of FOIA. Santiago Decl. ¶¶ 19-24 and Ex. B thereto.

2

**Plaintiff's Response**: Undisputed

4.  No records responsive to item 1e of the request were identified. Santiago Decl. ¶ 22.

**Plaintiff's Response**: Undisputed

5.  The information redacted under Exemption 6 from the two emails consisted of employee
    email addresses and a group email address to all Assistant Chief Immigration Judges, the
    release of which EOIR determined would be of no public benefit but would allow for
    potential harassment of these individuals to the detriment of their privacy interests.
    Santiago Decl. ¶ 30.

**Plaintiff's Response**: Undisputed.

6.  As stated in a status report dated September 29, 2023, and without waiving its position
    that its original search was adequate, EOIR determined that it would conduct a
    supplemental search with respect to item 1 of the request. ECF No. 15; Santiago Decl. ¶
    25.

**Plaintiff's Response**: Undisputed.

7.  That search involved a key word search derived from the language of the FOIA request
    of the email of Chief Immigration Judge Sheila McNulty and resulted in the identification
    of the two emails identified in the original search and no additional responsive
    documents. Santiago Decl. ¶¶ 26-27.

**Plaintiff's Response**: Undisputed as to the "search involved a key word search derived from the
language of the FOIA request of the email of Chief Immigration Judge Sheila McNuly and
resulted in the identification of the two emails identified in the original search." Disputed as to
the "search ... resulted in the identification of ... no additional responsive documents" since

3

Defendant's search misconstrued the scope of Plaintiffs' request. *See Utahamerican Energy, Inc. v. Mine & Safety & Health Admin.*, 725 F. Supp. 2d 78, 83 (D.D.C. 2010) ("[R]esponsive documents possibly maintained in the locations searched may not have been produced as a result of the agency's narrow interpretation of plaintiffs' request." (cleaned up) (quoting *Wilderness Soc'y v. Bureau of Land Mgmt.,* Civil Action 01-cv-2210, 2003 WL 255971, at *5 (D.D.C. Jan. 15, 2003))).

8. Judge McNulty was an Assistant Chief Immigration Judge from November 2015 to March 2021 and Regional Deputy Chief Immigration Judge from March 2021 to April 2023 before becoming Chief Immigration Judge. Santiago Decl. ¶ 19.

**Plaintiff's Response**: Undisputed.

9. Any guidelines, procedures, protocols, or policies, as well as instructions on how to implement guidelines, procedures, protocols, or policies across the immigration courts, are channeled through EOIR's leadership in the Office of the Chief Immigration Judge and, to the extent any existed that were not published and publicly available, would be disseminated by EOIR leadership through group emails to Assistant Chief Immigration Judges and Court Administrators. Santiago Decl. ¶ 16.

**Plaintiff's Response**: Disputed, as to guidelines, procedures, protocols, or policies that do not apply nationwide. *See* Pinto Decl. Ex. D, at 183, 30:24-31:10 (testifying that different immigration courts have different policies for setting hearings); *see generally id.* Ex. C

(reproducing dozens of court- and judge-specific policies for appearances, filings, hearings, and advancements).[1]

10. A second supplemental search, similar to the first supplemental search, also was conducted of the email of two Chief Immigration Judges that preceded Judge McNulty. Santiago Decl. ¶ 28.

**Plaintiff's Response**: Undisputed

11. That second supplemental search also identified the same two emails that were identified from the original search and no additional responsive documents. Santiago Decl. ¶ 29.

**Plaintiff's Response**: Undisputed as to the "second supplemental search also identified the same two emails that were identified from the original search." Disputed as to the "second supplemental search also identified ... no additional responsive documents" since Defendant's search misconstrued the scope of Plaintiffs' request. *See Utahamerican Energy*, 725 F. Supp. 2d at 83 ("[R]esponsive documents possibly maintained in the locations searched may not have been produced as a result of the agency's narrow interpretation of plaintiffs' request." (cleaned up) (quoting *Wilderness Soc'y*, 2003 WL 255971, at *5)).

12. EOIR released all reasonably segregable, non-exempt information responsive to Plaintiffs' FOIA request. Santiago Decl. ¶ 30.

**Plaintiff's Response**: Undisputed as to information produced to date. Disputed as to records Defendant has not yet produced due to misconstruing Plaintiffs' request and conducting an unreasonable search.

---

[1] All page pin citations for exhibits appended to a declaration refer to the page number in the combined declaration and exhibit document rather than the page within the exhibit itself.

**Plaintiffs' Statement of Undisputed Material Facts**

Pursuant to Federal Rule of Civil Procedure 56(c)(1) and Local Civil Rule 7(h)(1), Plaintiffs set forth the following statements of additional undisputed material facts:

*Defendant's Processing of Plaintiffs' Request*

A.  Defendant did not advise Plaintiffs during administrative processing, in the parties' meet and confer about its supplemental search, or otherwise before moving for summary judgment that it understood Item 1 of their request to seek records that constitute officially issued and centrally disseminated guidelines, procedures, protocols, or policies pertaining to the listed subitems. Pinto Decl. ¶ 7.

B.  During the parties' meet and confer, Plaintiffs advised Defendant that Assistant Chief Immigration Judges' (ACIJs) emails may contain responsive documents. *Id.* ¶ 5, Ex. A, at 6.

C.  During the parties' meet and confer, Plaintiffs proposed—for the sake of negotiations and to resolve the parties' dispute over Defendant's search—that Defendant search five to ten ACIJs' emails "as a sample" and search the remaining ACIJs' emails if the sample searches yielded responsive documents. *Id.* ¶ 5, Ex. A, at 6.

D.  During the parties' meet and confer, Plaintiffs advised Defendant that its search terms were underinclusive and suggested that the agency use different terms. *Id.* ¶ 5, Ex. A, at 6.

E.  Defendant did not incorporate Plaintiffs' advice into its supplemental search. *See* Santiago Decl. ¶¶ 26-29, ECF 25-3.

*ACIJ Policy Making Authority & Immigration Court-Specific Policies*

F.   The Chief Immigration Judge in the Office of the Chief Immigration Judge (OCIJ) "oversees the administration of immigration courts nationwide." Pinto Decl. Ex. B, at 14 § 1.3(a)(1).

G.   Thirty-eight ACIJs within the OCIJ supervise "specific immigration courts." *Id.* at 14 § 1.3(a)(4), Ex. D, at 181, 9:19-10:9; *see also id.* Ex. E, at 187-91 (listing the ACIJ for each immigration court).

H.   These ACIJs develop policy and procedures for immigration courts. *Id.* Ex. F, at 195; *see generally id.* Ex. C (reproducing dozens of these policies and procedures).

I.   Policy and procedure developed by ACIJs include court-specific policies, such as those for appearances, continuances, filings, hearings, and advancements. *See generally id.* Ex. C (reproducing dozens of these policies).

J.   Immigration courts have different policies, including for setting and calendaring hearings, *id.* Ex. D, at 183, 30:24-31:10, and filing evidence, *compare id.* Ex. C, at 21, 25, (ordering electronic filings to occur no earlier than two months before a hearing), *with id.* at 36-37, 39-42 (same but no earlier than three months before a hearing), *with id.* at 61, 138-39 (same but no earlier than one month before a hearing).

*Defendant's Use of Share Drives & Searches in Other FOIA Requests*

K.   OCIJ maintains shared drives to "store certain agency records." *Id.* Ex. I, at 225 ¶ 16; *see also id.* Ex. H, at 208-09 ¶ 8.

L.   The Chief Immigration Judge and ACIJs use and have access to OCIJ shared drives. *See id.* Ex. G, at 201-02 ¶¶ 11-12, Ex. H, at 208-09 ¶ 8.

M. Defendant has had the Chief Immigration Judge and ACIJs search shared drives for records responsive to at least one other FOIA request for immigration courts' policies. *See id.* Ex. G, at 199-02 ¶¶ 8, 11-12, Ex. H, at 208-11 ¶¶ 8, 13.

N. Defendant has had ACIJs search their emails for records responsive to at least one other FOIA request for immigration courts' policies. *See id.* Ex. G, at 201-02 ¶¶ 11-12, Ex. H, at 208-11 ¶¶ 8, 13.

*Defendant's Implementation of the November 27, 2020, Notice of Proposed Rulemaking Titled "Good Cause for Continuance in Immigration Proceedings" (Proposed Good Cause Rule)*

O. From January 8, 2021, to April 18, 2022, Defendant's operative policy for continuances directed immigration judges to the Proposed Good Cause Rule for its "wealth of potentially helpful information for adjudicators regarding continuance requests in immigration proceedings." *Id.* Ex. J, at 239; *see also id.* Ex. K, at 242 (rescinding Exhibit J).

*Electronic Search Methods*

P. Searching a large repository for responsive records by searching the full text of all records for certain keywords or combinations of keywords only identifies twenty percent of responsive documents on average. *Id.* Ex. L, at 244, 248, Ex. M, at 265, 287, Ex. N, at 305-06; *see also id.* Ex. L, at 250 ('[F]ull-text document retrieval has worked well only on unrealistically small databases.").

Q. The "inherent malleability and ambiguity of spoken and written English" makes simple keyword searches "under-inclusive": they exclude documents that "contain a word that has the same meaning" as a keyword but is not specified as well as "common or

inadvertent[]" misspellings of that keyword. *Id.* Ex. N, at 301, 306; *see also id.* Ex. L at 250-01.

R. Cooperation and greater transparency among parties improves the quality of electronic searches. *Id.* Ex. N at 311-12.

*Keywords for Immigration Proceedings*

S. "Evidentiary hearings on contested matters [in immigration court] are referred to as individual calendar hearings or merits hearings." Exec. Off. for Immigr. Rev., Immigration Court Practice Manual § 4.16(a), https://www.justice.gov/eoir/reference-materials/ic/chapter-4/16.

Respectfully submitted,

By:  /s/ Chris Opila
Christopher ("Chris") Opila (NY0576)*
American Immigration Council
2001 L Street N.W., Suite 500, PMB2026
Washington, DC 20036
202-507-7699 | copila@immcouncil.org

Raul Pinto
D.C. Bar No. 90013180
American Immigration Council
2001 L Street N.W., Suite 500, PMB2026
Washington, DC 20036
(202) 507-7549 | rpinto@immcouncil.org

*Application for admission to D.C. Bar pending*