UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, <br><br> *Defendant*. | Civil Action No. 23-cv-1952 (RC) |

**SUPPLEMENTAL DECLARATION OF JENIFFER PEREZ SANTIAGO, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**

I, Jeniffer Pérez Santiago, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. This declaration supplements my prior declaration submitted in this matter to address certain issues raised in Plaintiffs' opposition to Defendant's motion for summary judgment and cross-motion for summary judgment. It is based on information available to me in connection with my official duties, as well as information provided to me by individuals within EOIR with knowledge of the matters addressed herein, including the current Chief Immigration Judge.

2. Items 1a-d of the request sought "EOIR records of guidelines, procedures, protocols, or policies" related to the advancement of individual merit hearings before immigration courts and continuances of such hearings. As addressed in my prior declaration, all immigration court guidelines, procedures, protocols, and policies are disseminated by OCIJ leadership to the ACIJ's. That has been confirmed by current OCIJ leadership. Specifically, all guidelines, procedures, protocols and policies applicable to immigration courts are governed by the Immigration Court Practice Manual and publicly published memoranda, and those procedures are

uniform across all immigration courts.  Both the Immigration Court Practice Manual and Uniform

Docketing System Manual are centrally issued by OCIJ leadership to be followed by immigration

courts nationwide. "The manual describes procedures, requirements, and recommendations for

practice before the immigration courts." Exec. Off. for Immigr. Rev., Immigration Court Practice

Manual § 1.1(b), https://www.justice.gov/eoir/book/file/1528921/dl.  The manual further states that

its requirements are binding "unless the immigration judge directs otherwise in a particular case."

*Id*.   Although immigration judges have discretion to deviate from the requirements in a manual "in

a particular case," the FOIA request does not seek records of such case-specific deviations from the

manual.  Indeed, the immigration courts conduct in excess of 300,000 immigration hearings

annually.  See Exec. Office for Immigration Review, Uniform Docketing System Manual, at I-1,

https://www.justice.gov/eoir/file/1157516/dl.   It would be unduly burdensome for EOIR to review

the dockets of every immigration case over the five-year period at issue in the request to attempt to

identify any such deviations from the manual.

       3.      The manuals and memoranda published by OCIJ on the EOIR website establish

uniform guidelines, procedures, protocols, or policies in immigration courts. For example, PM 21-

13, attached by Plaintiffs as Exhibit J to their motion and included as a link in EOIR's August 9,

2023 response to Plaintiffs' FOIA request, was sent to "all of EOIR" by then Director James

McHenry as a policy update on continuances. Pinto Decl. Ex. J, at 239.  ACIJs do not develop or

publish official policy memoranda that would be responsive to item 1 of Plaintiffs' request

independent of OCIJ leadership, nor do immigration courts. Therefore, there are no ACIJ or

immigration court-specific manuals.

       4.      Plaintiffs attached Exhibit C to their  motion, which largely consists of court-

specific standing orders.  Those court-specific orders, however, do not fall within the scope of

Plaintiffs' request because they govern how parties and attorneys appear and practice before

immigration courts not how immigration courts make decisions about continuing and advancing

individual merit hearings. Thus, the attached standing orders concern such things as unrelated

filing deadlines or address methods of filing, such as the standing order from the Baltimore

Immigration Court requiring filings to be made via email. Pinto Decl. Ex. C, at 12. Others are

similarly not independent policy changes, but instead implementation of state government

workplace requirements, such as the Baltimore Immigration Court's compliance with the State of

Maryland's then State of Emergency due to COVID-19 and the Cleveland Immigration Court's

compliance with the State of Ohio's then State of Emergency. *Id.* at 11, 30. Several other orders

provide for telephonic appearances before the court. *Id.* at 21, 26, 27.  The documents attached to

Plaintiffs' motion do not pertain to guidelines, procedures, protocols, or policies relating to the

process for advancement or continuation of individual merit hearings, which is what is requested in

items 1a-d of the request.  Thus, EOIR's search, as described in my prior declaration and addressed

further in paragraphs 5-8 below, was reasonably calculated to locate all records responsive to item

1a-d of the request.

5.      As stated in my prior declaration, guidelines, procedures, protocols, and policies

applicable to immigration courts are publicly available on EOIR's website, and links to those

publicly available documents were provided to the requester in EOIR's response letter dated

August 9, 2023.[1]   Specifically, EOIR provided links to 320 pages of publicly available

information responsive to Plaintiffs' request. EOIR provided links to, among other things, EOIR's

Courts & Appeals System (ECAS) User Manual, the Uniform Docketing System Manual, the

Immigration Court Practice Manual, and a link to Appendix O of the Shared Practice Manual

Appendices, which includes immigration court adjournment codes. The final response also

---

[1]      The response letter referenced DM 22-05 but did not provide a link to that document.  That document is dated
April 18, 2022, and did not have any content other than to state that certain policy memorandum had been rescinded.
See https://immpolicytracking.org/media/documents/2022.04.18_EOIR_DM_22-05.pdf.

included several published policy memoranda entitled Adjudicator Independence and Impartiality

(PM 21-15), Cancellation of Policy Memoranda 19-05, 21-06, and 21-13 (DM 22-05),

Continuances (PM 21-13), Asylum Processing (PM-21), Case Management and Docketing

Practices (PM-20-07), "No Dark Courtrooms" (PM-19-11), and Operating Policies and Procedures

Memorandum 17-01: *Continuances*.

6.      EOIR also has an intranet site where OCIJ stores official guidelines, procedures,

protocols, and policies that are accessible to immigration judges.  Following the filing of Plaintiffs'

opposition, EOIR conducted a supplemental search of the intranet site for guidelines, procedures,

protocols and policies.  That search involved navigating to the OCIJ library section (where policies

and procedures would be stored) and selecting the Administration and Policy tab (where policies

related to immigration courts would be stored). Under the Administration and Policy tab, one link

related to the subject matter in item 1a-d of the request was identified, specifically, a link entitled

"OCIJ Operating Policies and Procedures Memoranda (OPPMs)."  That link, when accessed,

directs users to EOIR's public facing website.  As stated in my prior declaration, all responsive

links from that website were identified in the response letter dated August 9, 2023.  EOIR's public

facing website has a tab called "Practice Materials" that has links to EOIR policies and procedures

related to immigration courts. Because the intranet site did not contain responsive policies and

procedures but only a link that referred to the public facing website, EOIR did not locate any

additional responsive records on the intranet site that had not already been identified in the August

9, 2023 response letter.

7.      Pertaining to Plaintiffs' assertion that "OCIJ maintains shared drives to 'store

certain agency records,'" the intranet site described above would be the internal shared location

where guidelines, procedures, protocols, or policies are shared.  Other than the intranet site, current

OCIJ leadership has confirmed that no shared drive folders for final versions of guidelines,

procedures, protocols, or policies exist (the request did not seek draft documents).

8.      As addressed in my prior declaration, in order to ensure that all responsive guidelines, procedures, protocols and policies applicable to immigration courts were identified, EOIR also searched all emails that the Chief Immigration Judges for the time period of the request (specifically, the emails of Sheila McNulty, MaryBeth Keller, and Tracy Short) sent to the group email address for all Assistant Chief Immigration Judges (ACIJ) and the group email address for all Court Administrators (CA).   All ACIJs receive emails sent to the ACIJ group inbox.   Plaintiffs try to distinguish in their opposition between "official" and "unofficial" records of guidelines, procedures, protocols and policies.  But such records of the type requested by Plaintiffs are by their nature not "unofficial" since they do not have effect until they are officially issued by EOIR leadership.  To the extent the term "unofficial" is intended by Plaintiffs to reference guidelines, procedures, protocols and policies that are not contained on the agency's intranet or external website, however, the email search was intended to encompass any unposted responsive records disseminated by OCIJ to ACIJ's to the extent any existed.   I personally reviewed those search results and those results did not identify any such documents.   The search did locate an email from OCIJ that contained information that potentially could be responsive to Plaintiffs' request and so, out of an abundance of caution, that email was produced with the August 9, 2023 response letter (see ECF No. 25-3 at ECF p.28).

9.  Plaintiffs assert in their opposition that EOIR should have searched the emails of ACIJs beyond those that  ACIJs received, via the ACIJ group email address, from OCIJ leadership.  Such emails of ACIJs were not searched because they were not likely to identify any additional responsive records. EOIR has no reason to believe that ACIJs would be disseminating responsive guidelines, procedures, protocols and policies that are specific to the respective courts that they oversee but only guidelines, procedures, protocols and policies distributed by OCIJ leadership to

them that are uniform among all immigration courts.   Given that it was unlikely that ACIJs would

have responsive documents in their emails (beyond the search for emails sent by OCIJ leadership

to the ACIJ group email address that was undertaken), and the burden that would be involved in

conducting such a search, EOIR determined that such a search would fall outside its obligations

under FOIA.  For perspective, EOIR oversees seventy-two immigration courts across the country.

Each court is administered by an Assistant Chief Immigration Judge and a Court Administrator.

Although there are *currently* thirty-eight ACIJs overseeing the seventy-two immigration courts,

those are not necessarily the same individuals who oversaw those courts during the five-year

period of the request.  It is likely that multiple different individuals may have served in those

positions over that time period.  To search every ACIJ's email Outlook account, EOIR would thus

need to identify who was in the position of ACIJ for each immigration court over a five-year time

period. That number would certainly exceed thirty-eight.  Additionally, many ACIJs preside over

more than one court, and those assignments are subject to change depending on need and available

resources, confusing the employment record. To even begin such a search, multiple offices in OCIJ

would need to be involved to uncover the names of possible custodians and the exact timeframe

that each of those possible custodians occupied the position of ACIJ.


    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is

true and correct to the best of my knowledge, information and belief.

Dated the 27th day of September 2024.

JENIFFER PEREZ SANTIAGO   Digitally signed by JENIFFER PEREZ SANTIAGO
Date: 2024.09.27 10:48:56 -04'00'

Jeniffer Pérez Santiago
Associate General Counsel (FOIA)
Acting Sr. FOIA Litigation Counsel