UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL, *et al.*, <br><br>          *Plaintiffs,* <br><br>    v. <br><br> EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, <br><br>          *Defendant.* | Civil Action No. 23-cv-1952 (RC) |

## <u>DEFENDANT'S REPONSE TO PLAINTIFFS' LOCAL RULE 7(H) STATEMENT</u>

Pursuant to Local Civil Rule 7(h)(1), Defendant Executive Office for Immigration Review ("EOIR") responds as follows to Plaintiffs Local Rule 7(h) statement filed in support of Plaintiffs' cross-motion for summary judgment ("Plaintiffs' Statement"). For the Court's convenience, Defendant is restating below the headings and assertions in each paragraph number of Plaintiffs' Statement along with the purported record citation that Plaintiffs included in support of each paragraph of Plaintiffs' Statement.

*Defendant's Processing of Plaintiffs' Request*

A. Defendant did not advise Plaintiffs during administrative processing, in the parties' meet and confer about its supplemental search, or otherwise before moving for summary judgment that it understood Item 1 of their request to seek records that constitute officially issued and centrally disseminated guidelines, procedures, protocols, or policies pertaining to the listed subitems. Pinto Decl. ¶ 7.

1

**Response:**  This assertion is not based on competent summary judgment evidence pursuant to Federal Rule of Evidence ("FRE") 408, which provides that evidence of alleged statements made during compromise negotiations are not admissible to prove the merits of a claim.  The email chain attached to the Pinto Declaration establishes that the nature of the parties' discussions was in the context of compromise negotiations (in the words of Plaintiff counsel's email to "work through possibly wrapping this up").   (Ex. A to Pinto Decl., ECF No. 26-3 at ECF p.11)  Thus, Defendant has no obligation to respond to this assertion to the extent it pertains to communications subject to FRE 408. To the extent this assertion pertains to positions taken by Defendant outside of communications subject to FRE 408, Defendant denies the allegation and refers the Court to the sixth defense in Defendant's Amended Answer.  (ECF No. 14)

B.  During the parties' meet and confer, Plaintiffs advised Defendant that Assistant Chief Immigration Judges' (ACIJs) emails may contain responsive documents. *Id.* ¶ 5, Ex. A, at 6.

**Response:**  This assertion is not based on competent summary judgment evidence pursuant to FRE 408 as stated above.  Thus, Defendant has no obligation to respond to this assertion.

C.  During the parties' meet and confer, Plaintiffs proposed—for the sake of negotiations and to resolve the parties' dispute over Defendant's search—that Defendant search five to ten ACIJs' emails "as a sample" and search the remaining ACIJs' emails if the sample searches yielded responsive documents. *Id.* ¶ 5, Ex. A, at 6.

**Response:**  This assertion is not based on competent summary judgment evidence pursuant to FRE 408 as stated above.  Thus, Defendant has no obligation to respond to this assertion.

D.  During the parties' meet and confer, Plaintiffs advised Defendant that its search terms were underinclusive and suggested that the agency use different terms. *Id.* ¶ 5, Ex. A, at 6.

**Response:**  This assertion is not based on competent summary judgment evidence pursuant to FRE 408 as stated above.  Thus, Defendant has no obligation to respond to this assertion.

E.  Defendant did not incorporate Plaintiffs' advice into its supplemental search. *See* Santiago Decl. ¶¶ 26-29, ECF 25-3.

**Response:**  Defendant has no obligation to respond to this assertion based on FRE 408 as stated above.  Defendant also has no obligation to conduct a search based on any alleged "advice" provided by Plaintiff's counsel, and thus this assertion is immaterial.  *Kowal v. Dep't of Just.*, 107 F. 4th 1018, 1029 (D.C. Cir. 2024); *see also Watkins Law & Advocacy v. Dep't of Just.,* 78 F. 4th 436, 444-45 (D.C. Cir. 2023) ("The FBI's failure to use four more search term combinations to which Watkins pointed . . . does not render the agency's search unreasonable, especially because nothing in Watkins's FOIA request indicated that those terms were essential.")

*ACIJ Policy Making Authority & Immigration Court-Specific Policies*

F.  The Chief Immigration Judge in the Office of the Chief Immigration Judge (OCIJ) "oversees the administration of immigration courts nationwide." Pinto Decl. Ex. B, at 14 § 1.3(a)(1).

**Response**:  Not disputed.

G.  Thirty-eight ACIJs within the OCIJ supervise "specific immigration courts." *Id.* at 14 § 1.3(a)(4), Ex. D, at 181, 9:19-10:9; *see also id.* Ex. E, at 187-91 (listing the ACIJ for each immigration court).

**Response:**  Not disputed, with the clarification that this is a statement of the current number of ACIJs and does not include "backup" ACIJs.  Supp. Santiago Decl. ¶ 9; Ex. E to Pinto Decl.

H.  These ACIJs develop policy and procedures for immigration courts. *Id.* Ex. F, at 195; *see generally id.* Ex. C (reproducing dozens of these policies and procedures).

**Response:**  This assertion is not supported by the referenced documents, which are standing orders applicable to specific immigration courts that are not responsive to the FOIA request and thus are immaterial to the question of whether the agency's search was adequate.  Supp. Santiago Decl. ¶ 4.  Moreover, ACIJs do not develop or publish official policy memoranda that would be responsive to item 1 of Plaintiff's request independent of OCIJ leadership.  *Id*. ¶ 3.

I.  Policy and procedure developed by ACIJs include court-specific policies, such as those for appearances, continuances, filings, hearings, and advancements. *See generally id.* Ex. C (reproducing dozens of these policies).

**Response:**  This assertion is not supported by the referenced documents, which are

standing orders applicable to specific immigration courts that are not responsive to the FOIA request and thus are immaterial to the question of whether the agency's search was adequate.  Supp. Santiago Decl. ¶ 4.  Moreover, ACIJs do not develop or publish official policy memoranda that would be responsive to item 1 of Plaintiff's request independent of OCIJ leadership.  *Id*. ¶ 3.

J.  Immigration courts have different policies, including for setting and calendaring hearings, *id.* Ex. D, at 183, 30:24-31:10, and filing evidence, *compare id.* Ex. C, at 21, 25, (ordering electronic filings to occur no earlier than two months before a hearing), *with id.* at 36-37, 39-42 (same but no earlier than three months before a hearing), *with id.* at 61, 138-39 (same but no earlier than one month before a hearing).

**Response:**  This assertion is not supported by the referenced documents.  The referenced documents are standing orders applicable to specific immigration courts as addressed in response to paragraph H above.  The documents do not establish that the standing orders constitute "policies." They also are not responsive to the FOIA request and thus are immaterial. In addition, the referenced deposition transcript (Ex. D) states that the deponent retired in 2012, prior to the period of the request.  Ex. D at 7-8. To the extent any further response is required, Defendant refers the Court to the documents in Ex C for a complete and accurate statement of their contents and otherwise denies the allegations in this paragraph.  Supp. Santiago Decl. ¶¶ 2-3.

*Defendant's Use of Share Drives & Searches in Other FOIA Requests*

K.  OCIJ maintains shared drives to "store certain agency records." *Id.* Ex. I, at 225 ¶ 16; *see also id.* Ex. H, at 208-09 ¶ 8.

**Response**: Not disputed that EOIR's operating system allows for the creation of shared drives as described in paragraph 16 of Exhibit I.  However, shared drives are not used to store the types of records requested in the request and thus this assertion is immaterial. Supp. Santiago Decl. ¶ 7.  Policies and procedures are maintained on the agency's intranet.  *Id*. ¶ 6.   As addressed in the accompanying declaration, policies and procedures responsive to item 1 of the request accessible from the agency's intranet are publicly available.  *Id*.

L.   The Chief Immigration Judge and ACIJs use and have access to OCIJ shared drives. *See id.* Ex. G, at 201-02 ¶¶ 11-12, Ex. H, at 208-09 ¶ 8.

**Response:**  This assertion is not supported by the record citations.  Further, shared drives are not used to store the types of records requested in the request and thus this assertion is immaterial.  Supp. Santiago Decl. ¶ 7.  Policies and procedures are maintained on the agency's intranet.  *Id*. ¶ 6. As addressed in the accompanying declaration, policies and procedures responsive to item 1 of the request accessible from the agency's intranet are publicly available.  *Id*.

M.   Defendant has had the Chief Immigration Judge and ACIJs search shared drives for records responsive to at least one other FOIA request for immigration courts' policies. *See id.* Ex. G, at 199-02 ¶¶ 8, 11-12, Ex. H, at 208-11 ¶¶ 8, 13.

**Response:**  Denied.  The "other FOIA request" referenced in this paragraph sought records regarding the Secure Communities program, which is a DHS enforcement program as stated in paragraphs 2- 3 of Exhibits G and H to Plaintiff's filing, not an immigration court policy.   The search described in Exhibits G and H, moreover, was not a search by all ACIJs but only those "identified as participating in discussions with DHS

regarding Secure Communities." Ex. G ¶ 11; Ex. H ¶ 13.  Thus, the agency's

determination that shared drives should be searched in response to the unrelated FOIA

request referenced in Exhibits G and H is immaterial to what might constitute an

adequate search with respect to the specific request at issue in this action.

N. Defendant has had ACIJs search their emails for records responsive to at least one other

FOIA request for immigration courts' policies. *See id.* Ex. G, at 201-02 ¶¶ 11-12, Ex. H,

at 208-11 ¶¶ 8, 13.

**Response:** Denied.  The "other FOIA request" referenced in this paragraph sought

records regarding the Secure Communities program, which is a DHS enforcement

program as stated in paragraph 3 of Exhibit H to Plaintiff's filing, not an immigration

court policy.   The search described in Exhibits G and H, moreover, was not a search by

all ACIJs but only those "identified as participating in discussions with DHS regarding

Secure Communities." Ex. G ¶ 11; Ex. H ¶ 13.  Thus, the agency's determination that

shared drives should be searched in response to the unrelated FOIA request referenced in

Exhibits G and H is immaterial to what might constitute an adequate search with respect

to the specific request at issue in this action.

*Defendant's Implementation of the November 27, 2020, Notice of Proposed Rulemaking Titled*

*"Good Cause for Continuance in Immigration Proceedings" (Proposed Good Cause Rule)*

O. From January 8, 2021, to April 18, 2022, Defendant's operative policy for continuances

directed immigration judges to the Proposed Good Cause Rule for its "wealth of

potentially helpful information for adjudicators regarding continuance requests in

immigration proceedings." *Id.* Ex. J, at 239; *see also id.* Ex. K, at 242 (rescinding Exhibit

J).

**Response:**  This assertion is immaterial because the content of any specific policy has no bearing on the adequacy of the agency's search.  To the extent any further response is required, Defendant refers the Court to the referenced documents for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the content of the referenced documents.  Defendant also notes that the cited Exhibit J was one of the links identified in Defendant's August 9, 2023 response letter.  Supp. Santiago Decl. ¶ 3.

*Electronic Search Methods*

P.  Searching a large repository for responsive records by searching the full text of all records for certain keywords or combinations of keywords only identifies twenty percent of responsive documents on average. *Id.* Ex. L, at 244, 248, Ex. M, at 265, 287, Ex. N, at 305-06; *see also id.* Ex. L, at 250 ('[F]ull-text document retrieval has worked well only on unrealistically small databases.").

**Response:**  This assertion is not based on competent summary judgment evidence because it relies on out-of-court statements that are hearsay. *Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007) (hearsay "counts for nothing" at the summary judgment stage).

Q.  The "inherent malleability and ambiguity of spoken and written English" makes simple keyword searches "under-inclusive": they exclude documents that "contain a word that has the same meaning" as a keyword but is not specified as well as "common or inadvertent[]" misspellings of that keyword. *Id.* Ex. N, at 301, 306; *see also id.* Ex. L at 250-01.

**Response:** This assertion is not based on competent summary judgment evidence because it relies on out-of-court statements that are hearsay.

R.  Cooperation and greater transparency among parties improves the quality of electronic searches. *Id.* Ex. N at 311-12.

**Response:**  This assertion is not based on competent summary judgment evidence because it relies on out-of-court statements that are hearsay.

*Keywords for Immigration Proceedings*

S.  "Evidentiary hearings on contested matters [in immigration court] are referred to as individual calendar hearings or merits hearings." Exec. Off. for Immigr. Rev., Immigration Court Practice Manual § 4.16(a), https://www.justice.gov/eoir/referencematerials/ic/chapter-4/16.

**Response:**  The assertion in this paragraph is immaterial to the adequacy of the search. To the extent any further response is required, Defendant admits only that the above is a quotation from the referenced document.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. Bar # 447956
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-2528

9

Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*