UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN IMMIGRATION
COUNCIL & CAPITAL AREA
IMMIGRANTS' RIGHTS COALITION,

   Plaintiffs,

   v.

EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,

   Defendant.

Civil Action No. 1:23-cv-1952-RC

**COMBINED REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND SURREPLY IN PARTIAL OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ..................................................................................................... ii

**INTRODUCTION** ....................................................................................................................... 1

**ARGUMENT** .............................................................................................................................. 1

    I.    **Defendant Has Misconstrued Item 1 of Plaintiffs' Request** ......................................... 1

    II.    **Defendant Has Overlooked Repositories Likely to Contain Responsive Records** .. 4

        A. *Defendant's Justification for Not Searching for Item 1.e Records is Inadequate* ......... 5

        B. *Defendant's Reasons for Not Searching ACIJ Emails & Shared Drives Are Deficient* 6

    III.    **Defendant's Search Methods Were Not Reasonably Calculated to Uncover All Responsive Documents** ............................................................................................... 7

        A.   *Defendant's Description of Searches of Some Locations Likely to Contain Responsive Records Lacks Sufficient Detail* ........................................................................ 7

        B.   *Defendant's Unilateral, One-Off, Keyword Search Was Not a Reasonable Search Method* ................................................................................................................................ 8

        C.   *Defendant's Keywords Were Unreasonable Even if a Unilateral, One-Off Keyword Search Were Reasonable* ..................................................................................................... 9

**CONCLUSION** ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Am. Oversight v. U.S. Gen. Servs. Admin.*, 486 F. Supp. 3d 306 (D.D.C. 2020) .......................... 3

*Democracy Forward Found. v. U.S. Dep't of Just.*, Civil Action No. 17-1877, 2022 WL 17177497 (D.D.C. Nov. 23, 2022) ............................................................................................ 6

*Elec. Privacy Info. Ctr. v. U.S. Drug Enf't Admin.*, 208 F. Supp. 3d 108 (D.D.C. 2016) ............ 11

*FPL Grp., Inc. v. Internal Revenue Serv.*, 698 F. Supp. 2d 66 (D.D.C. 2010) ............................... 9

*Jud. Watch, Inc. v. U.S. Dep't of State*, 272 F. Supp. 3d 88 (D.D.C. 2017) .............................. 6, 7

*Kowal v. U.S. Dep't of Just.*, 107 F.4th 1018 (D.C. Cir. 2024) .................................................. 3, 4

*Landmark Legal Found. v. Dep't of Labor*, 278 F. Supp. 3d 420 (D.D.C. 2017) ......................... 9

*\*Nation Mag. v. U.S. Customs Serv.*, 71 F.3d 885 (D.C. Cir. 1995) ..................................... 2, 3, 4

*Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*, 877 F.3d 399 (D.C. Cir. 2017) ............................................................................................................................................ 7

*Wannall v. Honeywell, Inc.*, 775 F.3d 425 (D.C. Cir. 2014) ........................................................ 10

*Watkins L. & Advoc., PLLC v. U.S. Dep't of Just.,* 78 F.4th 436 (D.C. Cir. 2023) ............ 8, 10, 11

**Rules**

Fed. R. Evid. 408 ........................................................................................................................... 9
Fed. R. Evid. 803 ........................................................................................................................... 8

**Other Authorities**

Black's Law Dictionary (12th ed. 2024) ........................................................................................ 2
Merriam-Webster Dictionary (2024), https://www.merriam-webster.com/dictionary/ .................. 2

**INTRODUCTION**

This Freedom of Information Act (FOIA) dispute arises from Plaintiffs' request for records of immigration courts' guidelines, policies, procedures, and protocols about advancing, calendaring, and noticing merits hearings and adjudicating motions for continuances. Plaintiffs requested these records two years ago but have yet to receive them. Instead, Defendant has misconstrued Plaintiffs' request and conducted an unreasonable search for records. This search overlooked email accounts and shared drives likely to contain responsive records, did not look for records responsive to a subpart of the request without adequate justification, and failed to follow modern methods for keyword searches. Due to these deficiencies, Plaintiffs respectfully request the Court to grant their motion for summary judgment, deny Defendant's motion as to the search, and order Defendant to conduct a reasonable search for responsive records and produce them within twenty business days.

**ARGUMENT**

### I. Defendant Has Misconstrued Item 1 of Plaintiffs' Request

Defendant has misinterpreted Plaintiffs' request to seek only records constituting "officially issued" and "centrally disseminated" guidelines, policies, procedures, and protocols for Items 1.a.-e. Combined Reply in Supp. of Def.'s Mot. for Summ. J. & Opp'n to Pls.' Cross-Mot. 2-4, ECF No. 29 (Def.'s Reply); *see also* Def.'s Mem. in Supp. of Mot. for Summ. J 5, ECF No. 25-1 (Def.'s Mem.). FOIA, though, obligates Defendant to read Plaintiffs' request as drafted and construe it liberally, not intuit its purpose and limit its scope accordingly. Mem. in Supp. of Pls.' Mot. for Summ. J. & in Partial Opp'n to Def.'s Mot. for Summ. J. 8, ECF No. 26-1 (Pls.' Mem.). Appropriately construed, Plaintiffs' request seeks not only guidelines, policies, procedures, and protocols for Items 1.a.-e but also "records of" these materials regardless of

1

authorship—including court-specific practices and correspondence and other documents about these materials and their implementation. Def.'s Statement of Material Facts Not in Dispute ¶ 2.1, ECF No. 25-2 (Def.'s SMFND); *see also* Decl. of Jeniffer Perez Santiago Ex. A at 17 n.1, ECF No. 25-3 (Santiago Decl.).

Restricting responsive records to "officially issued" guidelines, policies, procedures, and protocols excludes "informal and unofficial records of" these materials that fall within the request's scope. Pls.' Mem. 8-9. Plaintiffs' request seeks correspondence, guidance, instructions, and other "*records of* guidelines, procedures, protocols, or policies relating to" Items 1.a-e. Def.'s SMFND ¶ 2.1 (emphasis added); *see also* Santiago Decl. Ex. A at 17 n.1 (defining "[t]he term 'records' in this request" as more than just guidelines, policies, procedures, and protocols). "Of" means "relating to" or "about." *Of*, Merriam-Webster Dictionary (2024), https://www.merriam-webster.com/dictionary/of (last visited Oct. 16, 2024). Combined with the request's broad definition for "records," this preposition makes the scope of Plaintiffs' request correspondence, guidance, instructions, and other records "about" guidelines, procedures, protocols, or policies relating to Items 1.a-e, not just the guidelines, procedures, protocols, and policies themselves. *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995); *see also* Pls.' Mem. 8-9. This scope also includes records of practices for Items 1.a-e since a practice is "[a] customary ... procedure." *Practice*, Black's Law Dictionary (12th ed. 2024).

Similarly, limiting the scope of Plaintiffs' request to "centrally disseminated" records omits responsive court-specific records. Pls.' Mem. 9-10. Assistant Chief Immigration Judges (ACIJs) have issued localized policies and procedures for the immigration courts they supervise. Pls.' Resps. to Def.'s Statement of Facts Not in Dispute & Statement of Undisputed Material

Facts ¶¶ G-I, ECF No. 26-2 (Pls.' SUMF). Even if, as Defendant maintains,[1] no court-specific guidelines, procedures, protocols, or policies exist for advancement, setting hearings, and adjudicating continuances, *but see* Decl. of Raul A. Pinto Ex. C at 95-96, 147, 150, 162, 166-67, Ex. D at 183, 30:24-31:10, it does not follow that there are also no locally-disseminated, less formal records responsive to Plaintiffs' request (*e.g.*, correspondence or instructions about uniform guidelines, procedures, protocols, and policies for the above topics). Rather, Defendant's "centrally disseminated" limitation "intuit[s] a purpose" for Plaintiffs' request and "impose[s] a corresponding limitation on the associated search," which FOIA does not allow. *Am. Oversight v. U.S. Gen. Servs. Admin.*, 486 F. Supp. 3d 306, 313 (D.D.C. 2020).

Defendant's contention that Plaintiffs' analysis ignores the D.C. Circuit's recent decision in *Kowal v. U.S. Department of Justice*, 107 F.4th 1018 (D.C. Cir. 2024) is misplaced. Def.'s Reply 3. *Nation Magazine v. U.S. Customs Service*, 71 F.3d 885 (D.C. Cir. 1995) governs

---

[1] Plaintiffs no longer object to the admissibility of Defendant's lay opinion that it had no reason to believe that individual immigration courts have enacted guidelines, procedures, protocols, or policies related to Items 1.a-d, Pls.' Mem. at 11, as the agency's declarant provided foundation for this opinion in her supplemental declaration, Suppl. Decl. of Jeniffer Perez Santiago ¶ 2, ECF No. 29-2 (Santiago Suppl. Dec.).

But the opinion is still not persuasive since its foundational assertions clash with Pinto Declaration Exhibits C and D. Based on the knowledge of the Office of Chief Immigration Judge (OCIJ) leadership, Defendant's declarant asserts that (i) "all immigration court guidelines, procedures, protocols, and policies are disseminated by OCIJ leadership to ACIJs"; and (ii) "all guidelines, procedures, protocols, and policies applicable to immigration courts are governed by the Immigration Court Practice Manual and publicly published memoranda, and those procedures are uniform across immigration courts." *Id.* The varied, ACIJ-issued, court-specific standing orders in Exhibit C about continuances, hearing setting, and other topics and the deposition transcript in Exhibit D regarding courts' different policies for setting hearings belie both assertions. Decl. of Raul A. Pinto Ex. C at 95-96, 147, 150, 162, 166-67, Ex. D at 183, 30:24-31:10. It matters not that the standing orders in Exhibit C "do not reflect [OCIJ] policies, procedures, guidelines, or protocols concerning how immigration courts are to make decisions regarding continuing or advancing individual merit hearings" or that Exhibit D's testimony predates "the period of the FOIA request [and] does not reference any written policy, procedure, guidelines, or protocols that would be responsive to item 1 of the FOIA request." Def.'s Reply 5.

3

Plaintiffs' request, not *Kowal*. In *Kowal*, a requester sought "all records pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole" of a criminal defendant. 107 F.4th at 1027 (cleaned up). The D.C. Circuit held that agencies reasonably construed this request to seek only records "related to [a] criminal matter ... referenced in [the] request" (rather than all records mentioning the defendant) since the requester provided a limiting purpose for the request: she "specified [the defendant's] criminal proceeding and federal charges and represented that she was requesting the information for [the defendant's] habeas proceedings." *Id.* at 1027-28. By contrast, in *Nation Magazine* where a request sought records "pertaining to" an individual and his offers to assist an agency in drug interdiction without any expressed limiting purpose, the D.C. Circuit held that the agency misread the request by construing it to seek only records indexed under the individual's name and not also those about private citizens' interdiction assistance. 71 F.3d at 890; *see also* Pls.' Mem. 8-9. Plaintiffs' request expresses no limiting purpose akin to the criminal proceeding in *Kowal*: rather, like *Nation Magazine*, the request's plain terms seek records on a few topics. *See* Def.'s SMFND ¶ 2.1; Santiago Decl. Ex. A at 17 n.1. Therefore, construing Plaintiffs' request for "records of guidelines, procedures, protocols, or policies relating to" Items 1.a-e to seek only officially issued and centrally disseminated guidelines, procedures, protocols, or policies is impermissible. *See Nation Magazine,* 71 F.3d at 890.

## II. Defendant Has Overlooked Repositories Likely to Contain Responsive Records

Defendant has not, and cannot, show that it searched all locations likely to contain records responsive to Item 1 of Plaintiffs' request. Despite providing a supplemental declaration, Defendant still offers no evidence that it searched all files likely to contain responsive materials, *see* Santigo Decl. ¶¶ 14-30 (not making this claim); Santiago Suppl. Decl. ¶¶ 1-9 (same), as

FOIA requires, Pls.' Mem. 13. Nor does Defendant provide sufficient justification for determining that no records responsive to Item 1.e exist and not searching ACIJ emails or its shared drive for records responsive to Items 1.a-d.

      A. *Defendant's Justification for Not Searching for Item 1.e Records is Inadequate*

      A lack of final rulemaking does not justify Defendant's decision to not search for correspondence, guidance, instructions, and other records of guidelines, procedures, protocols, or policies relating to its implementation of the November 27, 2020, Notice of Proposed Rulemaking titled "Good Cause for Continuance in Immigration Proceedings." Such records may exist notwithstanding the absence of final rulemaking since Defendant may have implemented aspects of the proposed rule through other means: Indeed, Defendant's operative policy for continuances from January 8, 2021, to April 18, 2022, directed immigration judges to this Proposed Rule for the wealth of potentially helpful information therein regarding continuance requests in immigration proceedings. *Id.*

      Defendant's arguments to the contrary misconstrue either Plaintiffs' request or the issue at hand. Defendant's first argument misinterprets Item 1.e as seeking only "policy documents" akin to PM 21-13 in Pinto Declaration Exhibit J. Def.'s Reply 7. As noted *supra*, this Item also seeks correspondence, guidance, instructions, and other records about PM 21-13 and other guidelines, procedures, protocols, or policies relating to the agency's implementation of the Proposed Rule. Def.'s SMFND ¶ 2.1.e; *see also* Santiago Decl. Ex A. at 17 n.1. The second argument insists, without evidence, that the reference to the Proposed Rule in operative policy "cannot be fairly construed as an informal implementation of aspects" of the Rule since the "wealth of potentially helpful information" referenced therein is the Rule's "lengthy discussion of case law." Def.'s Reply 8. But the issue is not whether Defendant implemented aspects of the

5

proposed rule informally but rather whether the lack of formal rulemaking for the Rule justifies the decision to not search for records responsive to Item 1.e despite evidence for the Rule's implementation through other means. Pls.' Mem. 12-13. Such evidence precludes Defendant from relying on a lack of formal rulemaking to not search for responsive records here. *Cf. Democracy Forward Found. v. U.S. Dep't of Just.*, Civil Action No. 17-1877, 2022 WL 17177497, at *6 (D.D.C. Nov. 23, 2022) (finding it unreasonable to not search for email correspondence between individuals based on correspondence and conversations with them).

      B. *Defendant's Reasons for Not Searching ACIJ Emails & Shared Drives Are Deficient*

Defendant's justifications for not searching ACIJ email accounts or its shared drives for records responsive to Items 1.a-d are similarly flawed. For ACIJ emails, Defendant contends that it need not have searched them since ACIJs "as a group would be the recipients of policies, procedures, guidelines and protocols disseminated by the Office of the Chief Immigration Judge and would not themselves develop or publish documents of the type requested in items 1a-d of the request that do not originate from that Office." Def.'s Reply 9. As for shared drives, it maintains that it need not have searched them since "such drives are not used to store the types of policy documents requested in items 1a-d of the request." *Id.* at 10. Both explanations rely on Defendant misinterpreting Plaintiffs' request to exclude correspondence, guidance, instructions, and other records of guidelines, policies, procedures, and protocols for Items 1.a-d. This misinterpretation is particularly relevant to ACIJ emails since ACIJs have policy making and supervisory authority over immigration judges in their areas of responsibility. Pls.' SUMF ¶¶ G-H. Such authority makes it "almost certain" that they have circulated responsive records to their subordinates about responsive guidelines, policies, procedures, and protocols not captured by Defendant's searches to date. *Cf. Jud. Watch, Inc. v. U.S. Dep't of State*, 272 F. Supp. 3d 88, 94-

95 (D.D.C. 2017) (deeming an agency's search unreasonable for not searching the email accounts of aides to a cabinet secretary in addition to the secretary's email account).

### III. Defendant's Search Methods Were Not Reasonably Calculated to Uncover All Responsive Documents

Defendant has failed to establish that its search methods were reasonable. Defendant has not reasonably described its manual search of Judge McNulty's emails or its searches of the agency's website. As for keyword searches, searching email accounts once using a set of keywords chosen by the agency on its own was not a reasonable search method. But even if it were, the keywords Defendant selected here were unreasonable.

#### A. *Defendant's Description of Searches of Some Locations Likely to Contain Responsive Records Lacks Sufficient Detail*

Starting with the non-keyword searches, Defendant has not described the methods for the manual or website searches with sufficient detail for summary judgment. D.C. Circuit precedent requires more than just averring that a search was "completed." *E.g.*, *Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*, 877 F.3d 399, 403 (D.C. Cir. 2017); *see also* Pls.' Mem. 15. Defendant's declarations that Ms. McNulty "conducted a manual search of her email" and "a search was done to identify publicly available documents" on its website are insufficient. Pls.' Mem. 15. Defendant does describe the intranet search that it conducted in response to Plaintiffs' summary judgment motion in greater detail. *See* Santiago Suppl. Decl. ¶ 6. But the agency's intranet is not "the *only* possible place that responsive records are likely to be located," Pls.' Mem. 13, which Defendant's searches of other locations acknowledge. Failure to describe each search of a location likely to contain responsive records with sufficient detail precludes summary judgment. *See Reps. Comm.*, 877 F.3d at 403.

B.  *Defendant's Unilateral, One-Off, Keyword Search Was Not a Reasonable Search Method*

Turning to the keyword searches, unilateral one-off keyword searches of email accounts was not a reliable search method. Such searches identify only twenty percent of responsive documents on average due to the inherent malleability and ambiguity of written English. Pls.' SUMF ¶¶ P-Q. Defendant offers no evidence to the contrary. *See* Def.'s Resp. to Pls.' Local Rule 7(H) Statement ¶¶ P-Q, ECF No. 29-1 (Def.'s Resp. to Pls.' SUMF). Instead, it dismisses Plaintiffs' evidence as inadmissible hearsay.[2] *Id.*; *see also* Def.'s Reply 11. Federal Rule of Evidence 803(16), though, provides for the admission of the hearsay statements from Pinto Declaration Exhibit L cited in Plaintiffs' SUMF ¶¶ P-Q since the article is authenticated and predates January 1, 1998. Fed. R. Evid. 803(16); *see also* Pinto Decl. ¶ 15, Ex. L at 244.

Beyond its misplaced evidentiary objections, Defendant also misreads *Watkins Law & Advocacy, PLLC v. U.S. Department of Justice,* 78 F.4th 436, 444-45 (D.C. Cir. 2023) to "uphold the adequacy of keyword searches similar to the type utilized here." Def.'s Reply 11. *Watkins* does not discuss the reliability of unilateral, one-off keyword searches as a methodology. *See* 78 F.4th at 442-49. Nor does its record contain evidence about the success rate of keyword searches, let alone the undisputed evidence here that these searches are under inclusive and only identify twenty percent of responsive documents on average. Rather, *Watkins* merely affirmed an agency's selection of twenty-nine keywords over the requester's objection that the agency should have selected a few more. *Id.* at 444-45.

---

[2] Curiously, Defendant relies on hearsay evidence in the Santiago Supplemental Declaration, *see* Santiago Suppl. Decl. ¶ 2 (stating that OCIJ leadership has "confirmed" certain information), to argue that it searched the appropriate locations for Plaintiffs' request, *see* Def.'s Reply 8-9 (citing *id.*).

C. *Defendant's Keywords Were Unreasonable Even if a Unilateral, One-Off Keyword Search Were Reasonable*

Concluding with Defendant's keywords, Defendant has not, and cannot, show that its keywords were appropriate here. Rather, its keywords were unreasonable for being compound and plural, omitting obvious alternatives without justification, and focusing on specific words from Plaintiffs' request at the expense of its broader scope. Pls.' Mem. 17.[3]

The compound, plural term "merit hearings" in parts 1-4 of the search omits records that discuss the hearing at issue using the terms "merit hearing" or "merits hearing," the synonyms "individual calendar hearing" or "individual hearing," or the phrase "hearing on the merits." Pls.' Mem. 18. Defendant argues that using the singular term "hearing" in parts 5-8 of the search excuses not using this term in parts 1-4 of the search. Def.'s Reply 11-12. This argument overlooks the fact that parts 5-8 used the term "continue" where parts 1-4 used the term "advance." Santiago Decl. ¶ 26. By searching by a different term, parts 5-8 would not have returned records overlooked by parts 1-4 using "merit hearings" instead of "hearing."

---

[3] Defendant claims that Plaintiffs did not question the adequacy of its keywords during the parties' meet and confer. Def.'s Reply 12 n.2 (citing Pinto Decl. Ex A at 6). But Plaintiffs told the agency that its "search terms [were] not precise enough to yield the correct results" and asked it to "use different terms [in] the ACIJ email search." Pinto Decl. Ex. A at 6. Plaintiffs did not seek "a new search by headquarters" at that time since it would have been duplicative of the requested ACIJ email search. *See id.* at 7 (defining the headquarters search to include emails sent to an ACIJ listserv); *cf.* Def.'s Reply 9 ("[A]n agency is not required to conduct searches that would be cumulative of the search that was undertaken."). If the Court orders a search of ACIJ emails and finds the keywords for headquarters search deficient, Defendant need not redo the headquarters search if the ACIJ email search would encompass the headquarters one.
    Defendant's citation to evidence of the parties' search discussions when arguing for the reasonableness of its search is also inconsistent with, and therefore, waives its objection to this evidence's inadmissibility under Federal Rule of Civil Procedure 408. *See* Def.'s Resp. to Pls.' SUMF ¶¶ A-E. To the extent that further response to this objection from Plaintiffs is warranted, this evidentiary rule does not apply to parties' discussions of a FOIA search. *See Landmark Legal Found. v. Dep't of Labor*, 278 F. Supp. 3d 420, 429 n.5 (D.D.C. 2017); *FPL Grp., Inc. v. Internal Revenue Serv.*, 698 F. Supp. 2d 66, 74 n.6 (D.D.C. 2010). Even if it did, the parties were not discussing settlement of Plaintiffs' claims or case here. *See* Pinto Decl. Ex. A at 10 (clarifying that discussion was just to "hear [Plaintiffs'] reaction and ... concerns").

Defendant's keywords also exclude obvious substitutes for "advance" and "continue." Pls.' Mem. 18-19. Defendant contends that just using "continue" is reasonable since "the term 'motion to continue' ... was the term used in the FOIA request and a continuance is how the agency refers to the type of relief that is the subject of items 1a-d of the request." Def.'s Reply 12 (citations omitted). But Defendant must do more than parrot words from Plaintiffs' request, Pls.' Mem. 19, especially here where the term "continue" would not yield records containing the term "continuance" (unless the search software applied fuzzy matching[4]), let alone records that use the terms "defer," "delay," "postpone," or "pushback," Pls.' Mem. 18; *see also* Pinto Decl. Ex. J at 234, 239 (discussing a policy for continuances using the terms "delay and "postponed"). Also, by defending only its use of "continue," Def.'s Reply 12, Defendant concedes that not using substitutes for "advance" (*e.g.*, "change," move up" and "re-schedule") was inappropriate, *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014).

Finally, the terms "policy," "guidance," "protocol," and "procedure" ignore the full scope of Plaintiffs' request. Pls.' Mem. 19. Defendant misreads *Watkins* to allow it to use these terms simply because they are found in the request. Def.'s Reply 12. In *Watkins*, though, the D.C. Circuit approved not using four suggested search terms because nothing in the request "indicated that [they] were essential" and the agency had already used twenty-nine other search terms. 78 F.4th at 444-45. Here, the phrase "records of guidelines, procedures, protocols, or policies" and the broad definition for the term "records" demonstrate the necessity of not using the terms "guidance," "procedure," "protocol" or "policy" lest the search omit records that discuss a responsive policy, guidance, protocol, or procedure without mentioning one of these four terms.

---

[4] Defendant offers no evidence that its search software supports fuzzy matching, *i.e.*, returns records with a term that is an approximate, but not an exact, match for a keyword.

Pls.' Mem. 19. Moreover, Defendant's keywords are not analogous to those in *Watkins,* which numbered twenty-nine (rather than eight) and included obvious substitutes and singular versions of plural terms. *See* 78 F.4th at 444-45.

Defendant contends that its keywords are reasonable because they yielded the same records as its manual search of Ms. McNulty's email. Def.'s Reply 12. But, as Defendant argues elsewhere, "[t]he Court's inquiry ... should focus on the method of the search, not its results." Def.'s Mem. 4 (citation omitted). Even if results mattered, consistent results from unreasonable searches do not transform flawed searches into reasonable ones. *See Elec. Privacy Info. Ctr. v. U.S. Drug Enf't Admin.*, 208 F. Supp. 3d 108, 111, 115 (D.D.C. 2016).

## CONCLUSION

Defendant has yet to conduct a reasonable search for records responsive to Item 1 of Plaintiffs' request. Instead, as explained above, Defendant misconstrued the request, overlooked email accounts and other file systems likely to contain responsive records, did not look for records responsive to a subpart of the request, and failed to follow modern methods for electronic searches. Therefore, the Court should grant Plaintiffs summary judgment on the unreasonableness of Defendant's search, deny Defendant summary judgment on this issue, and order Defendant to conduct a reasonable search within twenty business days and make identified responsive records promptly available to Plaintiffs.

Respectfully submitted,

By: /s/ Chris Opila
Christopher ("Chris") Opila (NY0576)*
American Immigration Council
2001 L Street N.W., Suite 500, PMB2026
Washington, DC 20036
202-507-7699 | copila@immcouncil.org

11

Raul Pinto
D.C. Bar No. 90013180
American Immigration Council
2001 L Street N.W., Suite 500, PMB2026
Washington, DC 20036
(202) 507-7549 | rpinto@immcouncil.org

*Application for admission to D.C. Bar pending*