UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW*,*<br><br>*Defendant*. | Civil Action No. 23-cv-1952 (RC) |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated April 9, 2025, the Plaintiffs, American Immigration Council and Capital Area Immigrants' Rights Coalition ("Plaintiffs"), and the Defendant, Executive Office for Immigration Review ("EOIR"), by and through undersigned counsel, report to the Court as follows.

1. This action was filed on July 6, 2023, and involves a Freedom of Information Act ("FOIA") request dated October 28, 2022, which is attached as Exhibit A to the Complaint.

2. After the filing of cross-motions for summary judgment, on February 14, 2025, the Court issued a memorandum opinion (ECF No. 34) and order (ECF No. 33), granting in part and denying in part EOIR's motion for summary judgment and granting in part and denying in part Plaintiff's motion for summary judgment.  In conjunction with that decision, EOIR was directed by the Court to conduct a supplemental search of "'systems' outside [the Office of Chief Immigration Judge] 'that are likely to turn up the information requested,' . . . including all

[Assistant Chief Immigration Judge] email accounts and shared drives where immigration courts would likely store standing orders." Mem. Op. (ECF No. 34).

3.  EOIR: In response to the Court's order, EOIR promptly had a list compiled of all EOIR employees who served as an ACIJ or Acting ACIJ at the ten largest immigration courts from January 1, 2017, to October 28, 2022, the date range of Plaintiffs' original request, and undertook a search of that subset of courts as its initial search effort in compliance with the Court's order utilizing the search terms that the Court deemed reasonable in its decision. Mem. Op. (ECF No. 34) at 12-13.  That search, which was time consuming and required the assistance of several agency personnel, did not locate any responsive records.  EOIR estimates that it will require approximately 80 hours of time to search the email of the ACIJs overseeing the remaining sixty-two courts.  Before undertaking that effort, which would be burdensome for EOIR given its limited resources, EOIR plans to confer with the Plaintiff to ascertain whether the parties can reach an agreement as to whether the existing search is satisfactory to Plaintiff or, if not, whether the parties can agree to reduce the number of remaining courts to be searched.  The parties have begun those discussions[1] and EOIR is hopeful that the results of the search it has undertaken to date will help inform further discussions on that issue.  In the event the parties are unable to reach an agreement, EOIR may move for reconsideration of the Court's order under Rule 54(b) regarding whether, in light of the burden on the agency and the absence of responsive records identified to date notwithstanding EOIR's substantial efforts, the extent of the search to be conducted may be modified.

---

[1]  As those discussions were conducted pursuant to Federal Rule of Evidence 408, EOIR objects to Plaintiff's description of those discussions in its section of status report. EOIR's lack of response to that portion of the report should not be construed as a concession that Plaintiff has accurately described the extent of the parties' discussions to date.

EOIR proposes that the parties provide a further status report on June 10, 2025. Regarding Plaintiff's proposal below that the Court hold a status conference to discuss the "reasonableness of [EOIR's search] methodology," that is a legal issue that is not appropriate for a status conference but for a renewed motion for summary judgment at the appropriate time. The Court also should decline Plaintiff's request that it involve itself in any settlement discussions between the parties. Nor would May 28, 2025 provide sufficient time for a further status report given, among other things, numerous other deadlines in undersigned counsel's schedule during the first several weeks of May, including a preliminary injunction hearing on May 5, 2025, and multiple depositions in a case with a current discovery cut-off date of May 21, 2025.

4. <u>Plaintiff</u>: Plaintiffs have sought to work with EOIR since the Court ordered a supplemental search to craft a methodology for the search that addresses Plaintiffs' ongoing concerns about the agency's keywords, accommodates the agency's belated concerns about burdensomeness, and so reduces the prospect for additional briefing on the agency's search. Plaintiffs promptly informed the agency of their openness to a pilot search if the parties could reach an agreement on which ACIJ accounts to search and the keywords for those searches. EOIR conducted an initial search without Plaintiffs' input, using keywords that the Plaintiffs have argued are deficient and that the Court has not endorsed. *Cf.* Mem. Op. (ECF No. 34) at 12-13 (finding the agency's keyword searches of Chief Immigration Judges' accounts sufficient based on the agency also performing manual searches of these accounts and its intranet page ). Nonetheless, Plaintiffs have continued their efforts to reach a mutually agreeable pilot search: On March 28, they identified twenty immigration courts that they believe may have localized, responsive policies and proposed two sets of keywords for searching the email accounts of the ACIJ or Acting ACIJ who supervised these courts during the time period responsive to their

FOIA request. EOIR has yet to respond to this proposal or proposed a time for the parties to continue their discussions of the pilot search.

To avoid further delay and conserve the resources of the parties and the Court, Plaintiffs request the Court to hold a telephonic status conference on or before May 28, 2025, about EOIR's supplemental search, the reasonableness of that search's methodology,[2] and deadlines for further proceedings[3] or further searches. Additionally, or alternatively, Plaintiffs propose that the parties submit a status report about the status of their negotiations and need for the Court's assistance on either the day before any conference set by the Court, or May 28, 2025, should the Court decline to set such a conference.

Respectfully submitted,

By: _____/s/ Christopher Opila_____
Christopher ("Chris") Opila (D.C. Bar # 99029724)
Raul A. Pinto (D.C. Bar # 90013180)
AMERICAN IMMIGRATION COUNCIL
2001 L Street N.W., Suite 500, PMB2026
Washington, DC 20036
202-507-75699 | copila@immcouncil.org

*Counsel for Plaintiffs*

AND

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530

---

[2] Plaintiffs believes that clarification or guidance from the Court about the extent to which its prior order found EOIR's chosen keywords reasonable may help the parties resolve their dispute about reasonableness of the supplemental search EOIR has conducted to date.

[3] Plaintiffs reserve the right to cross-move for reconsideration of the Court's order under Rule 54(b) insofar as that order deemed "the search terms … reasonable" as EOIR reads it.

(202) 252-2528
Jeremy.Simon@usdoj.gov

*Counsel for Defendant*