# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN IMMIGRATION COUNCIL,
*et al.*,

                    *Plaintiffs,*

        v.                                            Civil Action No. 23-cv-1952 (RC)

EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,

                    *Defendant.*

## STATUS REPORT

Pursuant to the Court's Minute Order dated January 5, 2026, American Immigration Council and Capital Area Immigrants' Rights Coalition,[1] by and through undersigned counsel, report to the Court as follows:

1.      This action was filed on July 6, 2023, and involves a Freedom of Information Act ("FOIA") request dated October 28, 2022, which is attached as Exhibit A to the Complaint.

2.      Attorneys' fees and costs are the only outstanding matter of dispute between the parties in this case. ECF No. 40 ¶ 4.

3.      Plaintiffs sent the EOIR a proposal to settle fees and costs on August 14, 2025. *Id.* ¶ 5.

4.      The EOIR has not yet responded to that proposal.

---

[1] The Court's Minute Order orders "the parties [to] file another joint status report on or before January 19, 2026." Min. Order. This status report is not joint, as the parties disagree about whether January 19, 2026, falling on a legal holiday renders the Court's deadline January 20, 2026. *But see* Fed. R. Civ. P. 6(a) advisory committee's note to 2009 amendment ("Civil Rule 6(a) 'does not apply to situations where the court has established a specific calendar day as a deadline'" (quoting *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005)). Plaintiffs file this report on January 19, 2026, out of an abundance of caution to meet the January 19, 2026, deadline set by the Court.

5. The parties continue to dispute the propriety of referring their fee and cost dispute to mediation pursuant to Local Civil Rule 84.4(a). *See* ECF No. 43 ¶ 5.

6. Plaintiffs continue to believe that mediation is appropriate for resolving the parties' remaining dispute and reiterate their request to the Court to order the EOIR to show cause for why mediation would not be appropriate here. *See* LCvR 84.4(a)(2); ECF No. 43 ¶ 6. Excluding days lost to the lapse in appropriations, the EOIR has had one hundred and sixteen days to respond to Plaintiffs' proposal. It has yet to do so despite reporting an expectation of doing so "within approximately the next week" on January 5, 2026, in the parties' last joint status report. ECF No. 43 ¶ 4. Without the structure and deadlines of mediation to prompt action, the parties' negotiations are likely to remain stalled and require Plaintiffs to move the Court to award fees and costs to break the gridlock. Mediation offers a quicker and less expense way to resolve this dispute. *See* LCvR 84(a).

7. Plaintiffs do not oppose the EOIR filing a supplemental status report with any updates to its opposition to mediation upon satisfaction of the applicable standard. *See* Fed. R. Civ. P. 6(b) (permitting untimely filings upon a showing of excusable neglect).

Respectfully submitted,

By: __/s/ Chris Opila_____
Christopher ("Chris") Opila (D.C. Bar # 99029724)
Raul A. Pinto (D.C. Bar # 90013180)
AMERICAN IMMIGRATION COUNCIL
2001 L Street N.W., Suite 500, PMB2026
Washington, DC 20036
202-507-75699 | copila@immcouncil.org

*Counsel for Plaintiffs*